■ In the Matter of EDWIN LOPEZ, Petitioner, v ARTHUR A. LEONARDO, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [601 NYS2d 971] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

A search of petitioner's cell at Great Meadow Correctional Facility in Washington County resulted in the discovery of a nail clipper with a sharpened handle. The correction officer who discovered the clipper subsequently filed a misbehavior report charging petitioner with possession of a weapon in violation of prison disciplinary rules. At the Superintendent's hearing, the misbehavior report was read into evidence. Petitioner declined to call witnesses and did not request the production of any physical evidence. The Hearing Officer found petitioner guilty of the violation, and this finding was affirmed on administrative review. Petitioner then initiated this proceeding alleging that the determination was not supported by substantial evidence and that the Hearing Officer was biased.

We confirm. The misbehavior report, authored by the correction officer who discovered the nail clipper, as well as the photocopy of the nail clipper and petitioner's admission that the nail clipper was his, constitutes substantial evidence of the charge (see, Matter of Mendez v Jones, 176 AD2d 423; Matter of Siders v LeFevre, 145 AD2d 874). Further, there is no evidence in the record supporting petitioner's contention that the Hearing Officer was biased or that the outcome of the hearing flowed from any such alleged bias (see, Matter of Gonzalez v Mann, 186 AD2d 876; Matter of Nieves v Coughlin, 157 AD2d 943). The fact that the Hearing Officer failed to physically examine the nail clipper does not require a differ-

ent result. Petitioner did not request the production of the nail clipper at the hearing and, given the misbehavior report and other evidence of petitioner's guilt, the Hearing Officer had no obligation to present petitioner's case for him by physically evaluating the nail clipper *(see, Matter of Cruz v Amico,* 186 AD2d 841; *Matter of Rivera v Coughlin,* 179 AD2d 949; *Matter of Smith v Coughlin,* 111 AD2d 503).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.