peal from Judgment of Chautauqua County Court, Adams, J. —Burglary, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Appellant. (Appeal No. 5.) [614 NYS2d 339] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Adams, J. —Burglary, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Appellant. (Appeal No. 6.) [614 NYS2d 339] — Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Adams, J. —Conspiracy, 5th Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Appellant. (Appeal No. 7.) [614 NYS2d 339] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Adams, J. —Criminal Sale Marihuana, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

 In the Matter of ROBERT M. DAVIES, Petitioner, v SALLY B. JOHNSON, as Superintendent of the Orleans Correctional Facility, et al., Respondents. [612 NYS2d 1018] —Determination unanimously confirmed and petition dismissed. Memorandum: The determination made at petitioner's Tier III disciplinary hearing that petitioner violated inmate rule 108.14 (7 NYCRR 270.2 [B] [9] [v]) is supported by substantial evidence (see, Matter of Foster v Coughlin, 76 NY2d 964). Moreover, we conclude that petitioner was not deprived of his right to call witnesses; the Hearing Officer made a meaningful effort to locate and produce those witnesses (see, Matter of Salcedo v Coughlin, 197 AD2d 729). Finally, we reject the contention that petitioner was deprived of due process because he did not receive the employee assistant of his choice. Petitioner signed a waiver form indicating that he did not want employee assistance at his disciplinary hearing, thus expressly making a