■ In the Matter of STEVEN PARKER, Petitioner, v G. LAUNDREE, as Tier III Hearing Officer of Clinton Correctional Facility, et al., Respondents. [651 NYS2d 631] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Upon review of the record, we find substantial evidence to support the determination finding petitioner, a State prison inmate, guilty of possessing a controlled substance and possessing tools without authorization. The events underlying the charges occurred after a search of petitioner's cell revealed a quantity of a "green leafy substance" behind petitioner's bed and in his garbage can, as well as a pair of scissors. The substance tested positive for marijuana. Although petitioner contends that the misbehavior report lacked sufficient specificity to serve its role as a charging instrument, we note that such a report need not recite, in evidentiary detail, all aspects of a case against an inmate (*see, Matter of Turner v Coughlin*, 162 AD2d 781). Here, the report provided petitioner with enough details so that he could adequately respond to the charges (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123). As for the absence from the misbehavior report of the endorsements of other correction officers who either witnessed the search or ordered it, even if it is accepted that such omissions constituted error, they do not warrant annulment since petitioner has failed to demonstrate any prejudice accruing to himself as a result (*see, Matter of Smith v Walker,* 209 AD2d 799, *lv denied* 85 NY2d 807).

We also reject petitioner's claim of inadequate employee assistance. Initially, petitioner waived such assistance; however, at the hearing, he was provided with such assistance at his request and expressed satisfaction with the assistant given to him. Even accepting that he has preserved this argument, petitioner has failed to demonstrate any prejudice from the assistant's performance (*see, Matter of Davies v Johnson*, 203 AD2d 970). There is also no support in the record for petitioner's conclusory assertion that the Hearing Officer was biased (*see, Matter of Nieves v Coughlin*, 157 AD2d 943). With respect to petitioner's claim regarding confidential information, this information was irrelevant insofar as the charges and determination of guilt were not based on confidential information but upon the results of the search of petitioner's cell (*see, Matter of Shabazz v Coughlin*, 212 AD2d 923). Petitioner's remaining arguments have been considered and rejected for lack of merit.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.