■ In the Matter of LORENZO HARDY, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [651 NYS2d 937] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Cape Vincent Correctional Facility in Jefferson County, petitioner was found guilty following a hearing of assault on another inmate and fighting. After affirmance on administrative appeal, petitioner commenced this proceeding contending that the determination is not supported by substantial evidence and that other errors require annulment.

At the hearing, petitioner requested no witnesses and, when asked at the commencement of the hearing, affirmatively stated that he had no witnesses (*cf.*, *Matter of Velasco v Selsky*, 211 AD2d 953; *Matter of Torres v Coughlin*, 166 AD2d 793). Accordingly, we reject his claim that he was deprived of the right to call various witnesses, including the correction officials who authored and witnessed the misbehavior report (*see, e.g.*, *Matter of Gottilla v Lacy*, 216 AD2d 615). We also note that, contrary to petitioner's suggestions, the Hearing Officer was under no obligation to present petitioner's case by calling such witnesses (*see, supra*; *Matter of Lopez v Leonardo*, 196 AD2d 916).

We find that the details outlined in the misbehavior report, authored by a correction official who investigated the incident shortly after it occurred, coupled with petitioner's own admission that he was involved in a physical altercation with another inmate and "did make an effort" to fight before correction personnel arrived on the scene, constitute substantial evidence of the charges (*see*, *Matter of Colon v Coughlin*, 147 AD2d 802). To the extent that petitioner denied admitting to correction officials that he had been fighting and testified that he was merely acting in self-defense, this created a credibility question that the Hearing Officer was free to resolve against him (*see*, *Matter of Abreu v Coughlin*, 157 AD2d 1028).

We have reviewed petitioner's remaining contentions and find them to be lacking in merit.

Cardona, P. J., Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.