■ In the Matter of MICHAEL BROOKS, Petitioner, v STATE OF NEW YORK, DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [657 NYS2d 366] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a tier III hearing, petitioner was found guilty of violating prison disciplinary rules prohibiting violent conduct, assault on staff and disobeying a direct order. After the determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking its annulment. We find no merit to this proceeding.

Petitioner advances three bases for his assertion that the

Hearing Officer's bias denied him an impartial hearing. First, he contends that the Hearing Officer signed and dated the hearing disposition prior to the conclusion of the hearing. Our review of the record, however, reveals that the disposition was signed and dated by both petitioner and the Hearing Officer on the last day of the hearing. The record also fails to support petitioner's contention that the Hearing Officer's comments reveal his bias. Rather, the hearing transcript indicates that, in response to petitioner's allegations of bias, the Hearing Officer repeatedly stated that the outcome of the hearing had not been predetermined. Finally, petitioner's claim that the Hearing Officer inappropriately allowed the alteration of documentary evidence is also without merit in light of testimony that, upon noticing an error in the dates on certain photographs, the correction officer corrected his mistake.

In sum, there is no support in the record for petitioner's claim of bias, nor is there proof that the outcome of the hearing flowed from the alleged bias (*see, Matter of Adelman v Coombe*, 235 AD2d 883; *Matter of Nieves v Coughlin*, 157 AD2d 943, 944). Further, to the extent that petitioner's challenge to the Hearing Officer's bias might be construed as an argument that the determination of guilt is not supported by substantial evidence, the misbehavior report and corroborating testimony of the correction officer who authored such report adequately support such determination (*see, Matter of James v Coombe*, 234 AD2d 848).

We also reject petitioner's contention that he was improperly denied the right to call a witness insofar as he answered affirmatively when the Hearing Officer inquired if he had called all of the witnesses whom he wanted to have testify (*see, Matter of Hardy v Coombe*, 234 AD2d 830; *Matter of Bobet v Coughlin*, 231 AD2d 759). Finally, petitioner has failed to demonstrate that he suffered any prejudice from the employee assistant's performance (*see, Matter of Parker v Laundree*, 234 AD2d 727; *Matter of Moretti v Coughlin*, 232 AD2d 685).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.