■ In the Matter of JONATHAN ODOM, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [665 NYS2d 353] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with violating various prison disciplinary rules when he failed to cooperate with correction officers during transport to a court appearance. Following a disciplinary hearing, he was found guilty of creating a disturbance, interfering with an employee and making threats. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the administrative determination.

Initially, insofar as many of petitioner's procedural challenges were not raised at the disciplinary hearing, they have not been preserved for our review and we decline to address them (*see, Matter of Melendez v Coombe*, 233 AD2d 630; *Matter of Sanchez v Selsky*, 226 AD2d 794). While petitioner's procedural claim that the hearing was commenced less than 24 hours after the completion of his employee assistance in violation of 7 NYCRR 254.6 (a) does appear to have been preserved, we find that it is lacking in merit. The subject regulation provides that "the hearing may not start until 24 hours after the assistant meets with the inmate" (7 NYCRR 254.6 [a]). This time period has been construed to run from the first meeting between the inmate and the assistant (*see, Matter of Proctor v Coombe*, 234 AD2d 749, 750). Since petitioner first met with his assistant on September 26, 1996 and the hearing was not started until October 2, 1996, we find no violation of the regulation.

Likewise, we reject petitioner's contention that the administrative determination is not supported by substantial evidence. The misbehavior report indicated that petitioner began shouting when he was told he could not bring his typewriter to the court appearance, thereby creating a distraction to others. The report further stated that petitioner refused to pack his property and deliberately threw himself on the floor, causing a delay in departure to the courthouse and the need to call medical staff. Inasmuch as petitioner essentially admitted to engaging in these activities, we find no reason to disturb the administrative determination.

Furthermore, our review of the hearing transcript discloses that the Hearing Officer conducted the proceedings in a fair and impartial manner (*see, Matter of Lugo v Coombe*, 240 AD2d 878). In addition, we find no evidence of any defect in the tape recording of the proceedings. We have considered those remaining contentions which have been preserved for our review and find them to be unavailing.

Crew III, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.