■ In the Matter of KEVIN ECKERT, Petitioner, v DONALD SELSKY, as Director of Special Housing, et al., Respondents. [669 NYS2d 95] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged with violating a prison disciplinary rule prohibiting inmates from using alcohol after correction officers observed him exhibiting signs of intoxication and after he failed an alcolyser test. He was found guilty following a disciplinary hearing and, subsequent to an unsuccessful administrative appeal, commenced this CPLR article 78 proceeding challenging the determination which was transferred to this Court.

Turning first to petitioner's procedural claims, we find no merit to his contention that the misbehavior report failed to provide him with adequate notice of the charge against him. The report set forth the time and date of the incident, the specific rule violation and the basis for the charge. In our view, the report was sufficiently particular to enable petitioner to prepare a defense (*see, Matter of Ragland v Great Meadow Correctional Facility*, 245 AD2d 612; *Matter of Parker v Laundree*, 234 AD2d 727).

Similarly unavailing is petitioner's claim that he was denied effective employee assistance. The record discloses that the assistant conducted a thorough investigation interviewing those witnesses petitioner wished to have testify and ascertaining the availability of those documents petitioner desired to have produced. Petitioner has not demonstrated that the assistance was inadequate or that the claimed inadequacies prejudiced his defense (*see, Matter of Dumpson v McClellan*, 242 AD2d 805; *Matter of Brooks v State of New York Dept. of Correctional Servs.*, 238 AD2d 824).

Furthermore, although petitioner correctly notes that the disciplinary hearing was not completed within 14 days of the preparation of the misbehavior report (*see*, 7 NYCRR 251-5.1 [b]), we find no rule violation under these circumstances. The delay was attributable to the unavailability of a witness who petitioner requested to testify and the Hearing Officer obtained two extensions in order to secure his testimony (*see*, *Matter of Guerrero v Coombe*, 239 AD2d 676, 677). Petitioner's remaining procedural claims have either not been preserved for our review or are lacking in merit.

Finally, we reject petitioner's claim that the administrative determination is not supported by substantial evidence. The correction officer who authored the misbehavior report and who administered the alcolyser test testified to the manner in which it was administered and that petitioner tested positive. Furthermore, the physical test results were admitted into evidence. In addition, other correction officers testified that petitioner appeared intoxicated inasmuch as his breath smelled of alcohol, his eyes were bloodshot and his gait was unsteady. While we find that petitioner has failed to substantiate his claim that the correction officer who administered the test was unqualified, even if we were to disregard the test results we would find that the other officers' observations provide substantial evidence supporting the determination (*see generally*, *Matter of Sanchez v Leonardo*, 242 AD2d 798).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.