■ In the Matter of TIMOTHY W. KREEL, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [670 NYS2d 635] —Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Keegan, J.), entered March 6, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule, and (2) from an order of said court, entered April 18, 1997 in Albany County, which, upon reargument, transferred the proceeding to this Court for determination.

Petitioner, a prison inmate, was found guilty of violating the

prison disciplinary rule which prohibits the unauthorized use of controlled substances after his urine sample twice tested positive for the presence of cannabinoids. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition on the ground that, *inter alia*, petitioner failed to exhaust his administrative remedies. Thereafter, Supreme Court granted petitioner's subsequent motion for reconsideration and transferred the proceeding to this Court.

The misbehavior report, together with the positive results of the two urinalysis tests indicating the presence of cannabinoids, provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Laraby v Goord*, 244 AD2d 690). Notwithstanding petitioner's assertions to the contrary, "the positive results of an EMIT urinalysis test, when confirmed with the results of a second EMIT test, constitute substantial evidence to support a determination of guilt of violating a prison rule prohibiting the use of a controlled substance" (*Matter of Shaffer v Hoke*, 174 AD2d 787, 789; *see, Matter of Lahey v Kelly*, 71 NY2d 135, 138). Petitioner's numerous remaining contentions—including, among others, his claims that his urine sample was improperly stored and tested, that he did not receive various documents that he requested, that the Hearing Officer was biased and his challenges to his removal from the Family Reunion Program—have not been preserved for our review and we decline to address them (*see, Matter of Odom v Goord*, 243 AD2d 1019).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the appeal from the judgment is dismissed, without costs. Ordered that the order is affirmed, without costs, determination confirmed and petition dismissed.