■ In the Matter of RICKEY MOORE, Petitioner, v GLENN GOORD, as Commissioner of the Department of Correctional Services, Respondent. [679 NYS2d 751] —Spain, J. Proceeding

pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with violating the prison disciplinary rules that prohibit inmates from possessing weapons, assaulting staff and destroying personal property. The charges stemmed from an altercation between petitioner and numerous correction officers and resulted in seven misbehavior reports. After a tier III hearing, petitioner was found guilty of all charges. Petitioner's administrative appeal was unsuccessful; however, after asking for reconsideration, the determination was reversed and a new hearing was ordered. After the rehearing, petitioner was found guilty of the assault on staff and weapon possession charges; the property damage charges were dismissed. The Hearing Officer's determination was affirmed on administrative appeal, except for a reduction in the penalty imposed. Thereafter, petitioner commenced this CPLR article 78 proceeding.

Petitioner initially contends that the Hearing Officer erred by failing to grant his request for disclosure of the injured correction officers' medical reports. It is settled law that an inmate has the right to submit documentary evidence if relevant (*see,* 7 NYCRR 254.6 [c]). We disagree with the Hearing Officer's conclusion that the medical records of the injured correction officers were not relevant to petitioner's charges as "[t]he correction officers' medical records * * * directly concern the subject incident and should have been provided to petitioner in the absence of a finding that disclosure would be unduly hazardous to institutional safety or correctional goals" (*Matter of Dumpson v Mann,* 225 AD2d 809, 811, *lv denied* 88 NY2d 805; *see, Matter of Hillard v Coughlin,* 187 AD2d 136, 139, *lv denied* 82 NY2d 651). In any event, the failure to provide these medical records to petitioner does not require an annulment of the administrative determination, especially in light of the overwhelming evidence of petitioner's guilt and the fact that the Hearing Officer did not rely on the records in making his determination; the error was harmless (*see, Matter of Dumpson v Mann, supra,* at 810).

Next, we reject petitioner's contention that the second hearing was not timely commenced as a one-day extension was granted due to the unavailability of the Hearing Officer and petitioner was not prejudiced by the slight delay (*see,* 7 NYCRR 251-5.1 [a]; *Matter of Melendez v Goord,* 242 AD2d 881; *Matter of Barrett v Senkowski,* 180 AD2d 977, *lv dismissed* 80 NY2d

826). Similarly unavailing is petitioner's contention that respondent erred by ordering a rehearing rather than dismissing the charges. After granting petitioner's request to reconsider its affirmance of the Hearing Officer's original finding of guilt, a new hearing was appropriate to remedy the procedural errors made in conjunction with the first hearing (*see, Matter of Dawes v Coughlin*, 83 NY2d 597).

Finally, a review of the record leads to the conclusion that substantial evidence supports respondent's determination. The seven misbehavior reports specifically detailed how the incident occurred; moreover, petitioner admitted that he obtained the baton of one of the correction officers and used it to strike the correction officers. To the extent that petitioner claimed that he was acting in self-defense, the Hearing Officer was entitled to resolve credibility issues against petitioner (*see, Matter of Mata v Goord*, 250 AD2d 907; *Matter of Hardy v Coombe*, 234 AD2d 830). The misbehavior reports authored by seven different correction officers, the officers' testimony at the hearing and petitioner's own admissions constitute substantial evidence of his guilt (*see, Matter of Killings v O'Keefe*, 238 AD2d 638).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.