■ In the Matter of ANGEL MENDEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, New York State Department of Correctional Services, Respondent. [682 NYS2d 121] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged with violating the prison disciplinary rule that prohibits inmates from using narcotics or controlled substances. Two urinalysis tests conducted on petitioner's urine indicated positive results for the presence of opiates. After a tier III hearing, petitioner was found guilty of the charge and a penalty was imposed of 180 days' confinement to a special housing unit, loss of privileges and loss of 365 days of good time. After his administrative appeal was unsuccessful, petitioner commenced this CPLR article 78 proceeding which was transferred to this Court. We confirm.

The misbehavior report, the correction officers' testimony regarding the procedures used for the testing and the two positive urinalysis test results indicating the presence of opiates constitute substantial evidence supporting the determination of petitioner's guilt (*see*, *Matter of Forbes v Selsky*, 252 AD2d 712; *Matter of Rouse v Goord*, 251 AD2d 805; *Matter of Kreel v Goord*, 249 AD2d 600, *lv denied* 92 NY2d 807). The misbehavior report indicated that after submitting a urine sample that was collected by a correction officer, petitioner's urine was twice tested by a trained correction officer and twice resulted in a positive result for opiates.

Petitioner's complaints regarding the chain of custody of his urine sample are rejected (*see, Matter of Martinez v Costello*, 251 AD2d 994). The officer who collected the sample testified that after he was given the sample from petitioner, he wrote down petitioner's name and number and transported the sample to the freezer. The chain of custody report indicates that the officer who tested the sample took it out to defrost, tested it at 8:25 P.M. and 9:29 P.M. and then destroyed the sample. The officer testified that once in the freezer, the sample was always in his control.

Similarly unavailing are petitioner's arguments that he was denied adequate employer assistance, the right to call witnesses and examine documentary evidence. Petitioner's assistant interviewed the four witnesses petitioner wanted to call and reported that two were willing to testify. Petitioner has failed to establish how any alleged inadequacies prejudiced his defense (*see, Matter of Dumpson v McGinnis*, 247 AD2d 804; *Matter of Eckert v Selsky*, 247 AD2d 728). Moreover, upon being informed of petitioner's belated request for a litany of documents, the Hearing Officer adjourned the hearing to enable a correction officer time to attempt to collect those documents that were available. The record indicates that petitioner was provided with all of the relevant and available documents that he requested. Finally, the record establishes that, even though some of the witnesses were not requested by petitioner until the hearing was almost complete, petitioner was permitted to call all relevant witnesses who were willing to testify and could provide nonredundant testimony.

The remaining contentions advanced by petitioner have been reviewed and found to be devoid of merit.

Cardona, P. J., Mercure, White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.