■ In the Matter of TYRONE BENTON, Petitioner, v EARL A. COUTURE, as Superintendent of Gouverneur Correctional Facility, Respondent. [703 NYS2d 558] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules that pro-

hibit smuggling, damaging State property, theft of State property and possession of stolen property. According to the misbehavior report authored by the facility librarian, the charges stem from an incident wherein petitioner attempted to mail an envelope containing portions of a damaged library book. The determination of guilt was affirmed upon administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's contention, substantial evidence of his guilt was furnished by the misbehavior report detailing the mailroom clerk's discovery of the envelope, the library report summarizing the incident and petitioner's admission that he attempted to mail the damaged book to a relative (*see, Matter of Webb v Goord*, 254 AD2d 551, *appeal dismissed* 93 NY2d 849; *Matter of Jackson v Dufrain*, 221 AD2d 778). Petitioner's testimony that the cover and multiple pages were missing from the book when he checked it out, as well as the testimony of an inmate porter indicating that petitioner complained about the missing pages, merely created a credibility issue for the Hearing Officer to resolve (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966).

Finally, petitioner's challenge to the misbehavior report and his claim that he was denied the testimony of witnesses were not raised at the disciplinary hearing and are therefore not preserved for our review (*see, Matter of Stanislas v Senkowski*, 253 AD2d 972; *Matter of Odom v Goord*, 243 AD2d 1019). In any event, were we to consider the merits, we would find that the mailroom clerk's failure to file her own misbehavior report or to endorse the one prepared by the librarian does not warrant annulment since petitioner has failed to demonstrate any resulting prejudice (*see, Matter of Parker v Laundree*, 234 AD2d 727; *Matter of Smith v Walker*, 209 AD2d 799, *lv denied* 85 NY2d 807). Moreover, the record discloses that petitioner waived his right to call the librarian and the mailroom clerk as witnesses by failing to request their testimony at the hearing (*see, Matter of Faison v Stinson*, 221 AD2d 746, 747).

Petitioner's remaining contentions, including his claim that the administrative proceedings were tainted by bias, have been considered and rejected as lacking in merit.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.