■ RAYMOND GOMEZ, Respondent, v RICHARD EVANGELISTA et al., Respondents. ELIOT SPITZER, as Attorney General of the State of New York, Intervenor-Appellant. [736 NYS2d 365] —Order, Supreme Court, New York County (Emily Goodman, J.), entered September 14, 2000, in which the court declared that CPLR 1101 (f) violated petitioner's right to equal protection of the law under the United States and New York Constitutions, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings in accordance with the decision herein.

CPLR 1101 (f), which was added in 1999 as part of the Governor's Prisoner Litigation Reform Act, provides that an inmate may seek to commence an action or proceeding by paying a reduced fee, which shall be not less than $15 and not more than $50. Filing without payment is allowed if "exceptional circumstances" render the inmate unable to pay any fee. However, waiver of the fee is not permitted and the state acquires a lien against the inmate's prison fund for the amount of the fee if filing without payment was permitted (CPLR 1101 [f] [2]). By contrast, noninmates who are granted poor person status are able to commence litigation without paying costs and fees (CPLR 1101 [d]). Petitioner Raymond Gomez is a New York State inmate who claims that he is unable to pay the costs, fees and expenses necessary to prosecute a CPLR article 78 proceeding he filed, which seeks the disclosure of certain records under the Freedom of Information Act.

"Under the Equal Protection Clauses of the United States and New York Constitutions (US Const 14th Amend; NY Const, art I, § 11)," a statute such as CPLR 1101 (f), "which causes disparate treatment but does not target a suspect class nor implicate a fundamental right is subject to rational basis scrutiny" (*D'Amico v Crosson*, 93 NY2d 29, 31). "A statute subject to rational basis scrutiny is presumed to be constitutional, and the party challenging the statute bears the heavy burden of proving that there is no reasonably conceivable state of facts which rationally supports the distinction" (*id.* at 32).

Contrary to the finding of the IAS court, which raised the issue sua sponte, the requirement of CPLR 1101 (f) that indigent inmates pay a nonwaivable fee of at least $15 is rationally related to the legitimate governmental interest of curbing excessive inmate litigation. The legislative history of CPLR 1101 (f), which was part of the Governor's Prisoner Litigation Reform Act (PLRA), clearly indicates that it was enacted to curtail frivolous inmate lawsuits. According to the Governor's Program Bill Memorandum (1999 NY Legis Ann, at 235), "[i]n light of the statistics and examples, it is clear that legislative reforms are needed to combat the rising incidence of frivolous prisoner litigation." One of the statistics relied upon by the Governor showed that in 1996, fewer than 1% of the article 78 proceedings filed by inmates in Albany County resulted in any relief to the petitioner (*id.* at 234). The defense of these lawsuits by the Office of the Attorney General, which represents the state, and other agencies that are sued, entails the expenditures of valuable staff time, including attorneys, agency personnel who become involved in the litigation, and others (*id.* at 235).

CPLR 1101 (f) is modeled on the Federal PLRA, which has been effective in decreasing the number of frivolous lawsuits in federal courts (*id.*). As acknowledged by the IAS court, the Federal PLRA has been found to be rationally related to the legitimate governmental interest of deterring frivolous litigation by inmates (*see, Nicholas v Tucker*, 114 F3d 17 [2d Cir], *cert denied* 523 US 1126). Concur—Andrias, J.P., Rosenberger, Lerner, Buckley and Marlow, JJ.