■ In the Matter of GREGORY CENDALES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [739 NYS2d 774] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the possession of a weapon after an X-ray of his mattress disclosed that a nine-inch long plexiglass shank with a cloth handle had been secreted therein. Substantial evidence of petitioner's guilt was presented in the form of the detailed misbehavior report and the testimony of the correction officer who authored the report after finding the shank (*see, Matter of Cornwall v Goord*, 285 AD2d 923; *Matter of Barner v Goord*, 252 AD2d 719, *lv denied* 92 NY2d 813). Additional evidence was provided in a memorandum prepared by a second correction officer who noted that the shank found in petitioner's mattress matched an area in the shield at the front of petitioner's last cell from which a fragment of plexiglass was missing. The fact that the weapon was found in the cell where petitioner had resided for the previous month gave rise to a reasonable inference that the weapon was his (*see, Matter of Francois v Goord*, 275 AD2d 852, 852-853).

We find no merit to petitioner's assertion that he was denied effective employee assistance. Our review of the record demonstrates that he was provided with all of the documents that were relevant and available, that both of the witnesses he wanted to call appeared and testified and that the assistance he received was adequate in all other respects (*see, Matter of Llull v Coombe*, 238 AD2d 761, 762, *lv denied* 90 NY2d 804). In any event, petitioner has failed to show that his case was prejudiced by his assistant's alleged shortcomings (*see, Matter of Parker v Laundree*, 234 AD2d 727, 728). The remaining contentions raised by petitioner have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.