■ In the Matter of WILLIAM F. BONEZ, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [758 NYS2d 543] —Appeal from a judgment of the Supreme Court (Castellino, J.), entered August 23, 2001 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was a patient in the correctional facility's infirmary when he became argumentative and belligerent toward

staff members who were attempting to explain the surgical procedure that he was about to undergo. When a correction officer instructed petitioner to quiet down, he responded by threatening the officer with physical violence. The procedure was canceled and petitioner became the subject of an inmate misbehavior report. A tier II disciplinary hearing ensued resulting in a decision finding him guilty of creating a disturbance, refusing to obey a direct order and making threats. His subsequent CPLR article 78 proceeding was dismissed by Supreme Court. We affirm.

The misbehavior report and the consistent hearing testimony of the correction officers and nurses who witnessed the charged misconduct provided substantial evidence of petitioner's guilt (*see Matter of Mulcahy v Selsky*, 295 AD2d 663 [2002]). The contention that the charges had been fabricated in retaliation for his having filed a grievance against the reporting officer raised an issue of credibility for resolution by the Hearing Officer (*see Matter of Pryce v Goord*, 281 AD2d 665 [2001]). The further assertion that the Hearing Officer credited the testimony given by the officers and nurses who witnessed the incident because he was biased in their favor is not supported by the hearing transcript, which discloses that the hearing was conducted in a fair and impartial manner. The determination resulted from the presentation of substantial evidence of petitioner's guilt rather than from any bias on the part of the Hearing Officer (*see Matter of Cliff v Selsky*, 293 AD2d 885, 886 [2002]).

Petitioner attacks the constitutionality of CPLR article 11 as violative of the Equal Protection Clause because of the disparate treatment of inmates and noninmates. As recently determined by the First Department, the disparate treatment of inmates in this instance does not constitute a violation of their equal protection rights because it is rationally related to the legitimate governmental interest of "deterring frivolous litigation by inmates" (*Matter of Gomez v Evangelista*, 290 AD2d 351, 352 [2002]) by making them at least partially responsible for the costs thereof (*see Nicholas v Tucker*, 114 F3d 17, 19-21 [1997], *cert denied sub nom. Nicholas v Miller*, 523 US 1126 [1998]).* Petitioner's challenge to the constitutionality of CPLR article 11 on equal protection grounds is, accordingly, rejected as are the remaining issues raised herein.

---

* Among the statistics cited in *Matter of Gomez v Evangelista (supra)* is the finding that fewer than 1% of the CPLR article 78 proceedings filed by inmates in Albany County resulted in any relief to the petitioner (*see* Governor's Mem approving L 1999, ch 412, 1999 NY Legis Ann, at 234).

Cardona, P.J., Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.