■ In the Matter of ADAM RAMOS, Also Known as ANGELO RAMOS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [766 NYS2d 404] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On April 27, 2002, petitioner was scheduled to work at the law library, but was not released from his cell at the appropriate time. When the cells later opened to release inmates scheduled for recreational time, petitioner, not scheduled for recreation, came out of his cell and asked Correction Officer K. Renadette why he was not let out earlier to go to work. Renadette told petitioner that he would find out and that, in the interim, petitioner must lock-in. When the cells opened for the next scheduled recreational period, petitioner again exited his cell and informed Renadette that he was not going to miss his recreation. Renadette ordered petitioner back into his cell; petitioner argued with Renadette and did not comply until Renadette ordered him to return to his cell for the third time.

Petitioner received a misbehavior report later that evening for refusing a direct order, a movement violation and being out of place (*see* 7 NYCRR 270.2 [B] [7] [i]; [10] [i], [iii]). When petitioner later observed that he was placed under keeplock, he became enraged and started yelling. Renadette returned to petitioner's cell and explained the keeplock status; petitioner continued to argue. Renadette ordered petitioner to quiet down and warned him several times that he would be written up again if his behavior did not immediately cease. Petitioner continued to argue and was then issued a second misbehavior report by Renadette charging him with creating a disturbance and refusing a direct order (*see* 7 NYCRR 270.2 [B] [5] [iv]; [7] [i]).

Separate hearings were held on each of these misbehavior reports. Petitioner was found guilty of violating all of the listed prison disciplinary rule violations; two consecutive penalties of 30 days' keeplock were imposed. Upon administrative appeal, the determinations were affirmed and this CPLR article 78 proceeding ensued.

After reviewing the record evidence which included a video surveillance tape, the misbehavior reports and Renadette's testimony, we find the determinations to be supported by substantial evidence (*see Matter of Crews v O'Keefe,* 283 AD2d 692, 693 [2001]; *Matter of Kreel v Goord,* 249 AD2d 600, 601 [1998], *lv denied* 92 NY2d 807 [1998]). Concerning petitioner's expulsion from the first disciplinary hearing, the record reflects that the Hearing Officer repeatedly warned petitioner to stop interrupting. When this behavior was compounded by petitioner's thrusting of a manual at the Hearing Officer, the decision to expel him from the hearing was entirely proper (*see Matter of Sowell v Goord,* 295 AD2d 835 [2002]). The record further fails to support petitioner's allegations of bias by the Hearing Officer or that "the outcome of the hearing flowed from the alleged bias" (*Matter of James v Goord,* 261 AD2d 733, 733 [1999]; *see Matter of Burse v Goord,* 274 AD2d 678, 679 [2000]).

Turning to the second hearing, petitioner failed to preserve the issue of whether it was barred by the doctrine of res judicata (*see Matter of Kreel v Goord, supra* at 601). Had it been properly preserved, we would have found no error. Nor do we find merit in the contention that the second disciplinary proceeding was not timely commenced (*see* 7 NYCRR 251-5.1 [a]). While petitioner correctly noted that a hearing must be held within seven days when an inmate is confined, the facts here reveal that petitioner was not being confined pending the second hearing; he was confined due to the penalty he received from his previous violation (*see Matter of Coniglio v Mitchell,* 198 AD2d 565, 566-567 [1993]).

We have reviewed petitioner's remaining contentions and reject them as without merit (*see Matter of Burse v Goord, supra* at 679).*

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

---

* Petitioner lacks standing to challenge the equal protection violations he alleges exist at the Upstate Correctional Facility in Franklin County because he has since been transferred (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 769 [1991]).