■ In the Matter of ANGEL CLAUDIO, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [772 NYS2d 424]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (O'Brien III, J.), entered May 12, 2003 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner was found guilty of refusing to obey a direct order based on charges that he refused a correction officer's order to keep his hands in his pockets while being escorted from his cell. Included in the evidence presented at the hearing were the misbehavior report and the testimony of two correction officers who witnessed the incident, including the reporting officer. After the Hearing Officer's determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition. Petitioner appeals and we affirm.

We initially reject petitioner's claim that he was denied adequate employee assistance. The record indicates that he was freely provided access to all relevant witnesses and documents to which he was entitled, and petitioner failed to demonstrate how his assistant's alleged shortcomings prejudiced his case (*see Matter of Cendales v Goord*, 293 AD2d 802, 803 [2002]). The Hearing Officer also properly denied petitioner's repeated attempts to present a defense that he was assaulted by several correction officers because this allegation was irrelevant to the issue of petitioner's guilt or innocence (*see Matter of Pride v Cunningham*, 308 AD2d 649, 649 [2003], *lv denied* 1 NY32d 505 [2003]; *Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002], *lv dismissed, lv denied* 98 NY2d 642 [2002]). In this regard, petitioner's assertion that the charges were fabricated in order to cover up the officers' alleged unprovoked assault raised credibility issues that the Hearing Officer was free to resolve in an exercise of discretion (*see Matter of Williams v Goord*, 308 AD2d 614, 615 [2003]).

We are also unpersuaded by petitioner's argument that the Hearing Officer was required to personally authenticate the reasons given by three inmates who refused petitioner's request to testify; each of these inmates signed witness refusal forms that adequately explained their absence (*see Matter of Loper v*

*Goord*, 290 AD2d 682, 682 [2002]; *Matter of Gold v Bradt*, 254 AD2d 674, 674 [1998], *lv denied* 92 NY2d 819 [1999]). Finally, there is no support in the record for petitioner's claim that the Hearing Officer, who found that petitioner was not guilty of a related charge, was biased against him or that his determination flowed from such alleged bias (*see Matter of Bonez v McGinnis*, 305 AD2d 814, 815 [2003]; *Matter of Brooks v New York State Dept. of Correctional Servs.*, 238 AD2d 824, 825 [1997]).

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.