In the Matter of CARL JACKSON, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [794 NYS2d 509]—

Peters, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered April 11, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

After a correction sergeant received confidential information indicating that petitioner had a weapon, petitioner was pat frisked in his cell and a nine-inch sharpened metal rod was

found the front pocket of his pants. As a result, he was charged in a misbehavior report with possession of a weapon and was found guilty of this charge following a tier III disciplinary hearing. The determination of guilt was upheld on administrative appeal, but the penalty was modified. Petitioner thereafter commenced the instant CPLR article 78 proceeding raising various procedural claims. Supreme Court dismissed the petition, resulting in this appeal.

Initially, we find no merit to petitioner's claim that he was denied adequate employee assistance. The record discloses that the assistant interviewed numerous inmates who petitioner wished to have testify and also retrieved many of the documents that petitioner requested (*see Matter of Cendales v Goord*, 293 AD2d 802, 803 [2002]; *Matter of Faison v Goord*, 268 AD2d 634, 634-635 [2000]). At a minimum, petitioner has not demonstrated that his defense was prejudiced by his assistant's alleged inadequacies (*see Matter of Claudio v Selsky*, 4 AD3d 702, 703 [2004]; *Matter of Mendez v Selsky*, 255 AD2d 858, 859 [1998]). While petitioner also contends that he was impermissibly denied the right to have certain witnesses testify at the hearing, the record discloses that he was denied those witnesses who refused to testify (*see Matter of Nimmons v Goord*, 7 AD3d 887, 888 [2004]), who did not have direct knowledge of the incident and whose proposed testimony was irrelevant (*see Matter of Pulliam v Waite*, 8 AD3d 841 [2004]), and whose in-hearing testimony would potentially jeopardize institutional security (*see Matter of Handley v Selsky*, 282 AD2d 798, 799 [2001]; 7 NYCRR 254.5 [a]). Likewise, there was no error in the denial of documents that were irrelevant to the weapons charge (*see Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]). Finally, our review of the proceedings does not indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Nimmons v Goord, supra* at 889). We have considered petitioner's remaining claims, to the extent they are properly before us, and find them to be unavailing.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.