■ In the Matter of NELSON RODRIGUEZ, Petitioner, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [608 NYS2d 732] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate in the State prison system, was found guilty of violating a prison disciplinary rule. He contends that the determination is not supported by substantial evidence. Petitioner was charged in a misbehavior report with violating visiting procedures by excessive physical contact with a visitor. The report was made by a correction officer who personally witnessed the incident and stated that he observed petitioner and a female visitor (petitioner's wife) embracing and that petitioner reached under the female's blouse, unfastened her bra and exposed her breasts to view; that petitioner fondled her breasts with his hands and that they rubbed their groin area together. The report was introduced at the hearing but the correction officer did not testify. Petitioner denied the charges and claimed that the only physical contact was kissing, hugging and backrubbing. Petitioner's version was supported by his wife, who testified by telephone, and the testimony of another inmate who witnessed the event. The version offered by petitioner and his wife simply presented a credibility question for the Hearing Officer who credited the misbehavior report *(see, Matter of Foster v Coughlin,* 76 NY2d 964, 966), which supplied substantial evidence to support the determination *(see, People ex rel. Vega v Smith,* 66 NY2d 130).

The Hearing Officer determined that the charge of excessive physical contact was not sustained. However, based on the misbehavior report, the Hearing Officer sustained the charge of violating visiting procedures. The penalty imposed was 30 days' keep lock with loss of packages, commissary and telephone privileges. The disposition was affirmed on administrative appeal. Because substantial evidence supports the deter-

mination, the determination should be confirmed. We note that there is no merit in petitioner's claim that the Hearing Officer was required to call the author of the misbehavior report to testify *(see, supra,* 66 NY2d, at 142).

Mikoll, J. P., White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.