■ In the Matter of DENNIS WOOD, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, et al., Respondents. [655 NYS2d 181] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing involving three separate misbehavior reports, petitioner, a prison inmate, was found guilty of refusing a direct order, committing an unhygienic act and two counts of assault on staff. Upon administrative appeal, the determination of guilt was affirmed. Petitioner commenced this CPLR article 78 proceeding seeking to annul

the administrative determination on the grounds that he was denied due process, in that one of the misbehavior reports failed to provide him with adequate notice of the assault on staff charge, and that his right to present documentary evidence in his defense was denied. Based upon our review of the record, we find these claims to be without merit.

Initially, we reject petitioner's contention that he was denied the right to present documentary evidence at the hearing by the Hearing Officer's refusal to produce a videotape of the special housing unit taken at the time the incident occurred which precipitated the assault on staff and refusal to obey a direct order charges. The Hearing Officer specifically advised petitioner that no videotape existed. Since no tape existed, petitioner was not denied access to relevant documentary evidence (see, Matter of Dawes v McClellan, 223 AD2d 890).

We similarly find no merit to petitioner's argument that the first misbehavior report failed to give a brief description of the violated rule. The misbehavior report in question charged petitioner with a violation of prison disciplinary rule 100.11, which prohibits an inmate from "assault[ing], inflict[ing] or attempt[ing] to inflict bodily harm on any staff member" (7 NYCRR 270.2 [B] [1] [ii]). The description of the incident alleged that on December 20, 1995, while Correction Officer W. Witkowski was collecting Styrofoam trays and cups from cells in the special housing unit, petitioner threw a Styrofoam cup containing feces out his cell door hatch, hitting Witkowski in the chest, right arm and right leg. In our view, the description of the incident gave petitioner sufficient particulars of the assault charge against him to enable him to adequately prepare a defense (see, Matter of Abdur-Raheem v Mann, 85 NY2d 113).

Finally, we note that the misbehavior reports, supported by the detailed testimony of Witkowski and the two correction officers, who authored the misbehavior reports and were subjects of and/or witnesses to the incidents, constituted substantial evidence of petitioner's misconduct and supported the administrative determination (see, Matter of Chappelle v Coombe, 234 AD2d 779; Matter of Caban v Coombe, 232 AD2d 698). Petitioner's exculpatory testimony raised only a credibility issue which the Hearing Officer could properly reject (see, Matter of Caviano v Coombe, 232 AD2d 698).

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.