■ In the Matter of ANTHONY D. AMAKER, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [705 NYS2d 904] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Superintendent of Clinton Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Following a tier II hearing, petitioner, a prison inmate, was found guilty of harassment. Contrary to petitioner's contention, the misbehavior report written by an eyewitness and petitioner's own admission that he called a correction officer a racist provides substantial evidence to support the determination of petitioner's guilt (*see, Matter of El-Shabazz v Selsky*, 257 AD2d 937; *Matter of Ross v Bolak*, 256 AD2d 789). We also

reject petitioner's contention that his remark was protected expression under the 1st Amendment. It is well settled that while incarcerated, prisoners retain those rights guaranteed by the 1st Amendment; however, they "may exercise [those rights] * * * to the extent it would not be inconsistent with their status as prisoners and with the legitimate restrictions imposed by confinement" (*Matter of Lucas v Scully*, 71 NY2d 399, 404).

Furthermore, we find that petitioner's contention of Hearing Officer bias is without merit. The fact that the Hearing Officer resolved credibility issues against petitioner is not indicative of bias (*see, Matter of Lawrence v Headley*, 257 AD2d 837). In any event, petitioner has failed to establish that the outcome of the hearing flowed from the alleged bias (*see, Matter of Omaro v Goord*, 269 AD2d 629).

Mercure, J. P., Crew III, Spain, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.