■ In the Matter of JOHN GARGANO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. (And Two Other Related Proceedings.) [718 NYS2d 102] —Peters, J. Proceedings pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review three determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was served with three misbehavior reports alleging the violation of various prison disciplinary rules. The first of the reports, dated April 1, 1999, is based on petitioner's participation in a scheme to circumvent facility package procedures which involved one or more other inmates and civilian personnel outside the facility. The second report, dated May 5, 1999, is based on petitioner's conduct when he was questioned by an investigator from the Inspector General's office. The third report, dated May 26, 1999, arises from petitioner's participation in a scheme to extort money from another inmate, a scheme which involved petitioner's wife and another person outside the facility. Separate tier III hearings were held on the reports and petitioner was found guilty of most of the charges. Following administrative appeals, petitioner commenced these CPLR article 78 proceedings to review the three determinations. The proceedings will hereinafter be referred to as proceeding No. 1, proceeding No. 2 and proceeding No. 3 based on the chronological order of the respective misbehavior reports.

A review of the record in each proceeding discloses the existence of substantial evidence to support each determination, except to the limited extent noted hereinafter. In addition to the detailed misbehavior reports in proceeding No. 1 and proceeding No. 3, investigators testified in petitioner's presence and also provided detailed confidential information regarding petitioner's involvement in the two schemes (*see, Matter of Pabon v Coombe*, 249 AD2d 629). In proceeding No. 3, the victim of the extortion scheme also testified. Petitioner's claims that he did not participate in the schemes created questions of credibility for the Hearing Officers to resolve (*see, Matter of Miller*

*v Portuondo*, 269 AD2d 646), as did the testimony of his other witnesses, including his wife (*see, Matter of Rodriguez v Senkowski*, 202 AD2d 761). With regard to proceeding No. 2, the detailed misbehavior report and the testimony of the investigator who authored the report provides the necessary substantial evidence of petitioner's threat and refusal to obey a direct order (*see, Matter of Di Rose v New York State Dept. of Correctional Servs.*, 275 AD2d 843). Petitioner's claims that the words were not spoken as threat and that there was no direct order presented credibility issues for the Hearing Officer to resolve (*see, id.*).

With regard to the charge of stealing or possession of stolen property in proceeding No. 3, it appears that the finding of guilt is based upon the Hearing Officer's conclusion that petitioner "received monetary gain" from the extortion scheme. While there is evidence that the inmate who was subjected to the extortion scheme sent money to people who may have had some connection to petitioner, there is no evidence that petitioner ever received or possessed any proceeds of the extortion scheme. Accordingly, the basis for the charge of stealing or possession of stolen property relied on by the Hearing Officer is not supported by substantial evidence and, therefore, the determination in proceeding No. 3 must be modified, with remittal on the issue of the appropriate penalty for the remaining charge of extortion.

We reject petitioner's claim that his rights were violated by the refusal to provide him with investigative reports and by the refusal to allow him to hear the confidential information (*see, Matter of Abdur-Raheem*, 85 NY2d 113, 119). "[T]he ability of prison authorities to protect inmate-informants from exposure is critical to maintaining order" (*Matter of Howell v Goord*, 251 AD2d 910, 911, *appeal dismissed* 92 NY2d 939, *lv denied* 92 NY2d 1043). Petitioner's claims that the Hearing Officer failed to independently assess the reliability and credibility of the confidential information were not raised by petitioner at the disciplinary hearings or on his administrative appeals and, therefore, the claims were not preserved for our review (*see, Matter of Serrano v Goord*, 266 AD2d 661, 662, *lv denied* 94 NY2d 762; *Matter of Campanale v Coughlin*, 214 AD2d 902, 904).

Petitioner's claims of Hearing Officer bias are unsupported by the records. The fact that the Hearing Officers resolved credibility issues against petitioner does not demonstrate bias (*see, Matter of Amaker v Senkowski*, 271 AD2d 772, *lv denied* 95 NY2d 760) and, while the same Hearing Officer presided

over two of the hearings, the records demonstrate that he considered the proof separately in each hearing (*see, Matter of Matos v Goord*, 267 AD2d 730). There is nothing in the three records to show that the determinations flowed from the alleged bias, rather than from the evidence of petitioner's guilt. We have examined petitioner's remaining claims and, to the extent that they have been preserved for review, we find them lacking in merit.

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determinations are confirmed in proceeding No. 1 and proceeding No. 2, without costs, and petitions dismissed. Adjudged that the determination is modified in proceeding No. 3, without costs, by annulling so much thereof as found petitioner guilty of stealing or possession of stolen property and matter remitted to respondent Commissioner of Correctional Services for further proceedings not inconsistent with this Court's decision.