■ In the Matter of IAN DAWES, Petitioner, v DONALD SELSKY, as Director, Special Housing Unit, New York State Department of Correctional Services, Respondent. [721 NYS2d 140] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of an incident which occurred while petitioner was being escorted to the facility exercise yard, one of the escorting correction officers filed a misbehavior report charging petitioner with assault of an employee, refusal to comply with a direct order and interference with an employee. Following a tier III hearing, petitioner was found guilty of the charges and, after pursuing his administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the determination.

The detailed misbehavior report, the testimony of the author of the report and the testimony of the other correction officers present during the incident provide substantial evidence to support the determination (*see, e.g., Matter of Wood v Selsky*, 237 AD2d 843, 844). Petitioner's claim that the misbehavior

report was written in retaliation for grievances filed by petitioner created an issue of credibility for the Hearing Officer to resolve (*see, Matter of Daum v Goord*, 270 AD2d 745, 746). The authenticity of the photographs of the victim of the assault was established by the testimony of the victim and the sergeant who was present when the photographs were taken. Accordingly, the Hearing Officer correctly ruled that the testimony of the watch commander on the authenticity issue would be redundant.

Petitioner was permitted to view the videotape of the incident and, while the Hearing Officer initially refused to permit petitioner to present his version of what he saw on the tape, the transcript of the hearing discloses that petitioner was not deprived of the opportunity to reply to the evidence against him (*cf., Matter of Marquez v Mann*, 192 AD2d 100). Petitioner subsequently referred to the tape several times and presented a defense which, if credited, explained the events shown on the tape. In any event, the tape, which did not clearly show the entire incident, was of minimal probative value in demonstrating petitioner's guilt and does not appear to have played the type of important role in the determination that would warrant a new hearing (*cf., id.*). Petitioner's remaining arguments have been considered and are lacking in merit.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.