■ In the Matter of INJAH TAFARI, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [731 NYS2d 404] —Appeal from a judgment of the Supreme Court (Castellino, J.), entered January 22, 2001 in Chemung County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

Following two tier II disciplinary hearings, a Hearing Officer found petitioner guilty of violating the prison disciplinary rules that prohibit possession of property in an unauthorized area

and possession of contraband. Petitioner contends that on May 30, 2000, he filed with respondent two applications for administrative review of the Hearing Officer's decisions. When he had received no response from respondent by August 1, 2000, petitioner (who had been transferred to another correctional facility) made inquiries and was informed that respondent had no record of petitioner's applications ever having been received. Instead of resubmitting his appeals, petitioner filed this CPLR article 78 proceeding in November 2000. Supreme Court dismissed the petition on the ground that petitioner had failed to exhaust his administrative remedies, noting that petitioner had not submitted any proof of having mailed the appeals.

We affirm. Judicial review of the administrative decisions rendered by the Hearing Officer is precluded by petitioner's failure to demonstrate that he had exhausted the available administrative remedies (*see, Matter of Hendricks v Franklin Correctional Facility*, 249 AD2d 856; *Matter of Beyah v Leonardo*, 182 AD2d 868, 869). As no showing has been made that the purported administrative appeals were ever filed by petitioner, this proceeding was appropriately dismissed by Supreme Court.

Cardona, P. J., Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.