◼ In the Matter of DAVID VEGA, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [741 NYS2d 585] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with a violation of the prison disciplinary rule prohibiting harassment based upon the allegation that he had made inappropriate remarks of a personal nature to a correction officer. At the ensuing disciplinary hearing, the correction officer who authored the misbehavior report testified that she had been escorting a group of inmates to the mess hall when petitioner approached her, stated that he had been watching her, and inquired as to the color of her eyes. The officer informed the inmate that his question was inappropriate. Nonetheless, he persisted, making an additional personal comment about her eyes. In his testimony, petitioner disputed the officer's account, asserting that the officer had initially approached him and had started a conversation in the course of which he made an innocent remark regarding her eyes. Two inmate witnesses testified on petitioner's behalf, averring that the officer had initiated the conversation with him during which petitioner had commented on her eyes.

Petitioner was ultimately found guilty of harassment, a determination that was supported by substantial evidence in the form of the misbehavior report and the testimony of the correction officer who authored it based upon her personal observation of the charged misconduct (*see*, *Matter of Bennett v Bintz*, 290 AD2d 791; *Matter of Jones v Bennett*, 283 AD2d 750; *Matter of Pryce v Goord*, 281 AD2d 665). The testimony of petitioner

and his inmate witnesses, propounding a different, partially exculpatory version of the events in question, raised an issue of credibility for resolution by the Hearing Officer (*see, Matter of Crews v O'Keefe*, 283 AD2d 692). Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.