■ In the Matter of JULIO GIANO, Appellant, v GEORGE DUNCAN, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [746 NYS2d 917]

Petitioner was found guilty of violating the prison disciplinary rule prohibiting violation of urinalysis testing procedures after he admittedly refused to obey a direct order to provide a urine sample for testing. Following an unsuccessful administrative appeal, petitioner commenced the instant proceeding pursuant to CPLR article 78 contending that he was deprived of a fair hearing. Supreme Court dismissed petitioner's application, prompting this appeal.

We affirm. Contrary to petitioner's assertion, he was not denied the right to present a defense. The case law makes clear that a hearing officer may deny an inmate's request to provide testimonial or documentary evidence where, as here, such evidence is irrelevant to the charge at hand (*see Matter of Burse v Goord*, 274 AD2d 678, 679). As petitioner admittedly

---

refused to provide the requested sample, any evidence showing that the correction officer who requested such sample allegedly tampered with another sample provided by petitioner in 1999 is irrelevant and immaterial. As to petitioner's claim that he was denied a fair hearing due to hearing officer bias, such claim, even if properly before this Court, is lacking in merit. The mere fact that the Hearing Officer ultimately found petitioner guilty of the charged violation is not indicative of bias (*see Matter of De Leon v Goord*, 290 AD2d 853, 854), and our review of the record as a whole discloses that petitioner received a fair and impartial hearing. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit. Accordingly, the judgment dismissing the petition is affirmed.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.