■ In the Matter of DERRICK M. JOHNSON, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, et al., Respondents. [747 NYS2d 402] —Rose, J.

Petitioner was charged in a misbehavior report with refusing a direct order, interference with an employee and harassment as a result of a May 26, 2001 incident. According to evidence adduced at the tier II disciplinary hearing, petitioner interfered with a correction officer's counseling of another inmate and then harassed the correction officer when ordered to leave. Petitioner was found guilty of refusing a direct order and harassment,* and the determination was upheld on administrative appeal. Two days later, on May 28, 2001, petitioner was charged in a second misbehavior report with making threats and harassment after allegedly leaving the food line, approaching the same correction officer and threatening him. After a tier III disciplinary hearing, petitioner was again found guilty of the charges and the determination was affirmed after administrative review.

Petitioner commenced this CPLR article 78 proceeding challenging the determinations, claiming, inter alia, that they were not supported by substantial evidence. We disagree. Both disciplinary determinations are supported by substantial evidence in the form of the misbehavior reports and the eyewitness testimony of the reporting correction officer (*see Matter of Vega v Selsky*, 293 AD2d 860; *Matter of Cliff v Brady*, 290 AD2d 895, 895-896, *lv dismissed and denied* 98 NY2d 642). Petitioner's claims that the misbehavior reports were written in retaliation for previously filed grievances "presented a question of credibility for the Hearing Officer to resolve" (*Matter of Cliff v Brady, supra* at 896; *see Matter of Dawes v Selsky*, 280 AD2d 816, 816-817, *lv denied* 96 NY2d 712), as did the exculpatory

---

* The charge of interference was abandoned at the hearing.

testimony of petitioner and his inmate witnesses (*see Matter of Crews v O'Keefe*, 283 AD2d 692, 693). Likewise, we reject petitioner's claims of hearing officer bias. The record establishes that the hearings were "conducted in a fair and impartial manner and that the determinations under review flowed directly from the evidence presented and were not the product of bias" (*Matter of Tumminia v Senkowski*, 290 AD2d 902, 903). Petitioner's remaining contentions have been reviewed and found to be without merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.