■ In the Matter of SALVATORE DAGNONE, Appellant, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [748 NYS2d 707] —Appeal from a judgment of the Supreme Court (Castellino, J.), entered January 7, 2002 in Chemung County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

On July 13, 2001, petitioner was found guilty of violating the prison disciplinary rules prohibiting making false statements, attempting to escape and being out of place. This determination was reversed on administrative appeal on August 20, 2001, and the matter was remitted for a new hearing because the tape recording of the original hearing was incomplete due to inaudible gaps in its transcription of the testimony. A second hearing was duly held on September 5, 2001 and concluded with a determination finding petitioner guilty of violating the same three prison disciplinary rules.

Petitioner then filed a notice of administrative appeal from the Hearing Officer's determination which was received by respondent on September 25, 2001. Almost three weeks earlier, however, on September 6, 2001, petitioner initiated this CPLR article 78 proceeding, arguing that the matter had been improperly remitted for a new hearing when it should have been reversed and all references to it expunged from petitioner's administrative record. Respondent's subsequent motion for dismissal of petitioner's CPLR article 78 proceeding, based upon his having commenced it before exhausting the available administrative remedies, was granted by Supreme Court, giving rise to this appeal.

We affirm. Judicial review of a determination rendered by a Hearing Officer in a prison disciplinary proceeding is precluded by the failure to demonstrate that the available administrative remedies have been exhausted (*see Matter of Tafari v McGinnis*, 287 AD2d 844, 845; *Matter of Hendricks v Franklin Correctional Facility*, 249 AD2d 856). As this CPLR article 78 proceeding seeking judicial review of the Hearing Officer's second determination was filed while petitioner's administrative appeal therefrom was still pending and before a final determination had been made, it was commenced prematurely and was appropriately dismissed by Supreme Court.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.