■ In the Matter of SHAWN GREEN, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, Respondent. [760 NYS2d 238] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review six determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at a state correctional facility, petitioner was charged in six misbehavior reports with various disciplinary rule infractions stemming from incidents of misconduct occurring in May and June 2000. Separate tier II disciplinary hearings were held with respect to each of the reports following which six disciplinary determinations were issued finding petitioner guilty of many of the charges. After petitioner commenced the instant CPLR article 78 proceeding challenging these determinations, three were administratively reversed and expunged from petitioner's institutional record. Consequently, we address only petitioner's claims as they relate to the remaining determinations.

The first determination, rendered May 19, 2000, found petitioner guilty of making threats and harassment after he sent a nurse practitioner a letter which contained derogatory and insulting language, and intimated that he would file a lawsuit and/or a professional disciplinary complaint against her. Initially, inasmuch as the record discloses that petitioner failed to administratively appeal this determination, he is precluded from challenging it in this CPLR article 78 proceeding (*see Matter of Dagnone v Goord*, 298 AD2d 789, 790 [2002]; *Matter of Tafari v McGinnis*, 287 AD2d 844, 845 [2001]). Nevertheless, were we to address his claims, we would find no merit to his challenge to the sufficiency of the evidence supporting the determination or the impartiality of the Hearing Officer. The misbehavior report, coupled with the testimony of the nurse practitioner and the contents of the letter, provide substantial evidence supporting the determination (*see Matter of Goncalves v Goord*, 290 AD2d 610, 611 [2002]; *Matter of Omaro v Goord*, 269 AD2d 629, 629-630 [2000]). Our review of the hearing transcript does not disclose that the Hearing Officer was biased or that the determination flowed from the alleged bias (*see Matter of Brown v Goord*, 300 AD2d 777 [2002]; *Matter of Johnson v Goord*, 297 AD2d 881, 883 [2002]).

The second determination, rendered June 18, 2000, found petitioner guilty of refusing a direct order when he failed to comply with a correction officer's directive to hand over a set of headphones. Notwithstanding petitioner's protestations that this determination is erroneous, we find that the misbehavior report and the testimony of its author provide substantial evidence supporting the determination (*see Matter of Borcsok v Selsky*, 296 AD2d 678, 678 [2002], *lv denied* 98 NY2d 616 [2002]; *Matter of Cliff v Selsky*, 293 AD2d 885, 885 [2002]). Petitioner's testimony that he did not possess the headphones presented an issue of credibility for the Hearing Officer to

resolve (see *Matter of Lamage v Goord*, 285 AD2d 724, 724 [2001], *appeal dismissed* 97 NY2d 639 [2001]; *Matter of Crews v O'Keefe*, 283 AD2d 692, 692 [2001]).

The third determination, rendered June 22, 2000, found petitioner guilty of refusing a direct order when he was observed fishing something out of the recreation pen to another cell and disregarded a correction officer's directive to step inside and out of the recreation pen. Our review of the transcript of the disciplinary hearing does not substantiate petitioner's claim that the Hearing Officer was biased or that the determination flowed from the alleged bias (see *Matter of Johnson v Ricks*, 297 AD2d 889, 890 [2002]). Rather, the testimony of the correction officer who authored the misbehavior report and of a correction officer who witnessed the incident and endorsed the report provide substantial evidence supporting the determination (see *Matter of Vann v Costello*, 285 AD2d 924, 924 [2001]; *Matter of Dawes v Selsky*, 280 AD2d 816, 816 [2001], *lv denied* 96 NY2d 712 [2001]). The Hearing Officer did not err in denying petitioner's request to have the console officer testify at the hearing inasmuch as he did not witness petitioner refuse the order and, therefore, his testimony was irrelevant (see *Matter of Johnson v Goord, supra* at 881-882; *Matter of Harris v Goord*, 284 AD2d 841, 841 [2001]). Petitioner's remaining claims, to the extent they have been preserved for review, have been examined and found to be without merit.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Adjudged that the determination rendered May 19, 2000 finding petitioner guilty of harassment and making threats, the determination rendered June 18, 2000 finding petitioner guilty of refusing a direct order and the determination rendered June 22, 2000 finding petitioner guilty of refusing a direct order are confirmed, without costs, and petition dismissed. Adjudged that the petition with respect to the remaining determinations is dismissed, as moot, without costs.