◼ In the Matter of PERCY WEST, Petitioner, v MICHAEL P. McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [771 NYS2d 745]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a disciplinary hearing, petitioner was found guilty of violating visiting room procedures after he was observed in possession of a letter brought into the facility by his visitor without prior approval from security personnel. Thereafter,

petitioner filed an administrative appeal but commenced this proceeding prior to the final administrative determination. Although the administrative appeal has since been issued and the determination affirmed, Supreme Court should have dismissed the proceeding for failure to exhaust administrative remedies inasmuch as petitioner commenced this proceeding while his administrative appeal was still pending (*see Matter of Watkins v Annucci*, 305 AD2d 889 [2003]; *Matter of Dagnone v Goord*, 298 AD2d 789 [2002]; *Matter of Abdullah v Girdich*, 297 AD2d 844, 845 [2002]).

In any event, were we to reach the issues raised by petitioner, we would find them to be without merit. Contrary to petitioner's contention, the misbehavior report adequately described petitioner's conduct leading to the charge. Testimony from the author of the misbehavior report established that petitioner was observed in possession of the letter and the material had not been reviewed by security personnel pursuant to visiting room procedures (*see* 7 NYCRR 200.4 [e]). This, together with the misbehavior report and petitioner's admission that he was reviewing the contents of the letter with the visitor, provide substantial evidence to support the determination of guilt (*see Matter of Garcia v Goord*, 261 AD2d 674, 674 [1999], *lv denied* 94 NY2d 834 [1999]; *Matter of Rodriguez v Senkowski*, 202 AD2d 761, 761 [1994]). Finally, although a videotape of the incident was reviewed at the hearing, it cannot be located. The record establishes, however, that petitioner did not object to the Hearing Officer's determination that, due to the quality of the videotape and position of petitioner in relation to the cameras, the videotape was inconclusive and, therefore, not relied upon by the Hearing Officer.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.