■ In the Matter of Kevin Nimmons, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [776 NYS2d 629]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was late for an appointment to obtain new clothing at the prison state shop and became agitated when questioned about his tardiness by the store clerk. After he used vulgar language toward the clerk and attempted to engage other inmates in a verbal exchange with her, she felt threatened and called the area sergeant. Petitioner was thereafter charged in a misbehavior report with making threats, organizing other inmates and disturbing the order of the facility. Following a tier III disciplinary hearing, he was found guilty of all of the charges. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The testimony of the clerk, which was corroborated by the laundry supervisor, established that during the incident in question, petitioner became loud and disruptive, made physical gestures and attempted to incite the other inmates, which the clerk found to be threatening. Such testimony, together with the misbehavior report, provides substantial evidence of petitioner's guilt (see Matter of Green v Ricks, 304 AD2d 1010, 1011 [2003], lv denied 100 NY2d 509 [2003], cert denied sub nom. Green v Girdich — US —, 124 S Ct 1181 [2004]; Matter of McCants v Murphy, 301 AD2d 713, 714 [2003]). The contrary version of events related by petitioner presented an issue of credibility for the Hearing Officer to resolve (see Matter of Green v Ricks, supra at 1011-1012; Matter of Vasquez v Goord, 301 AD2d 986, 986 [2003]).

Contrary to petitioner's claim, we do not find that he was denied adequate employee assistance. The record discloses that the assistant made efforts to obtain the documentary evidence requested by petitioner and met with five of the inmates that petitioner wished to have testify at the hearing. The assistant's failure to interview a sixth inmate witness does not establish ineffectiveness and, in any event, petitioner has not demonstrated that the assistant's alleged shortcomings prejudiced his case (see Matter of Claudio v Selsky, 4 AD3d 702, 703 [2004]; Matter of Murphy v Selsky, 3 AD3d 631, 632 [2004]; Matter of Sowell v Goord, 295 AD2d 835, 836 [2002]). We note that all of the potential inmate witnesses executed refusal forms adequately explaining the reason for their failure to testify and, consequently, petitioner was not improperly denied the right to call witnesses (see Matter of Claudio v Selsky, supra at 703-704;

*Matter of Sowell v Goord, supra* at 836 [2002]). Similarly, petitioner was not impermissibly denied the right to present certain evidence at the hearing, consisting of specific clothing that he claimed was improperly labeled, as it was irrelevant to the charges (*see Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]; *Matter of Giano v Duncan*, 297 AD2d 865, 865 [2002], *lv denied* 99 NY2d 503 [2002]). Lastly, there is no indication in the record that the Hearing Officer was biased or that the outcome of the hearing flowed from such bias (*see Matter of White v Selsky*, 3 AD3d 762, 763 [2004]; *Matter of Nieves v Goord*, 2 AD3d 1173, 1174 [2003]). We have considered petitioner's other contentions and find them to be without merit. Consequently, we find no reason to disturb the determination of guilt.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.