■ In the Matter of GLENN DOUGLAS, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [893 NYS2d 907]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered February 24, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Director of Special Housing and Inmate Disciplinary Programs ruling that petitioner had not filed a timely appeal of a determination that he had violated certain prison disciplinary rules.

Following a tier III disciplinary hearing conducted on May 8, 2008, petitioner was found guilty of violent conduct and assaulting a staff member. In July 2008, petitioner wrote a letter to prison officials inquiring as to the status of an appeal of the determination that he alleged he had timely filed. Respondent Director of Special Housing and Inmate Disciplinary Programs informed petitioner that no appeal from that determination was

on file and no review would be conducted absent evidence of a timely appeal. Petitioner thereafter commenced this CPLR article 78 proceeding, requesting that the tier III determination be annulled and expunged from his institutional records due to his not being provided an opportunity to appeal pursuant to 7 NYCRR 254.8. Supreme Court dismissed the petition, finding that petitioner's underlying challenges to the tier III determination were without merit. Petitioner now appeals and we affirm, albeit on different grounds.

"Any inmate shall have the right to appeal the disposition of any superintendent's hearing, to which he was a party, to the commissioner within 30 days of receipt of the disposition" (7 NYCRR 254.8). As petitioner has not demonstrated that he filed the purported administrative appeal within the specified time period (see Matter of Tafari v McGinnis, 287 AD2d 844, 845 [2001]), his claim that his right to appeal pursuant to 7 NYCRR 254.8 was denied is without merit. Accordingly, the petition should have been dismissed on that basis.

Peters, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.