■ In the Matter of IAN DAWES, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. (And Another Related Proceeding.) [629 NYS2d 305] —Casey, J. Appeals (1) from a judgment of the Supreme Court (Williams, J.), entered Febru-

ary 7, 1992 in Albany County, and (2) from a judgment of said court (Conway, J.), entered September 5, 1991 in Albany County, which dismissed petitioner's applications, in two proceedings pursuant to CPLR article 78, to review determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in four misbehavior reports with violating numerous prison disciplinary rules during a series of incidents that began when correction officers attempted to remove petitioner from his cell for his exercise program. Two hearings were held; one hearing on three of the misbehavior reports and a second hearing on the fourth misbehavior report. In each case, petitioner requested that his employee assistant interview all employee witnesses to the incidents. In one proceeding, the assistant provided petitioner with the names of employees present during the incidents and advised petitioner that each employee's report stands as written. In the other proceeding, the assistant also provided petitioner with the names of employee witnesses and advised petitioner that the witnesses would make statements at the hearing. Petitioner contends that the assistance was inadequate, but petitioner can show no prejudice because the requested witnesses testified at the hearing (*see, Matter of Jenkins v Coughlin,* 190 AD2d 937, *lv denied* 82 NY2d 651).

Petitioner points out that one employee witness, whom he also requested at both hearings, did not testify because the witness was on vacation and the Hearing Officers concluded that the testimony would be redundant in view of all of the consistent testimony from the other employee witnesses. Petitioner contends that because the employee was present during the incidents, his testimony was relevant and whether the testimony would be redundant could not be determined until he testified. Petitioner speculates that the employee might have presented some exculpatory testimony, but the records reveal that the employee prepared one of the misbehavior reports and endorsed two others, and there is nothing in the reports to suggest that his testimony would have been exculpatory or would have deviated from the testimony of the other witnesses. The record discloses a sufficient basis for the denial of the witness as redundant (*see, Matter of Irby v Kelly,* 161 AD2d 860, 861).

Petitioner also claims that he was denied his right to reply to evidence against him because he was not given the opportunity to view the videotape of the incidents (*see, Matter of Marquez v Mann,* 192 AD2d 100, 103). The record in each

proceeding establishes that the Hearing Officer advised petitioner that he (the Hearing Officer) had viewed the videotape and described what he observed in the videotape. Petitioner's failure to request the opportunity to view the videotape after having been advised that the videotape had been used as evidence against him constitutes a waiver of his right (see, Matter of Williams v Coughlin, 190 AD2d 883, 886, lv denied 82 NY2d 651). Petitioner's requests that his employee assistants view the videotape before the hearings did not preserve his claim, for he had no right to reply at that time. His right to reply was triggered when the Hearing Officer informed him that the videotape had been used as evidence against him (see, Matter of Marquez v Mann, supra, at 104). Moreover, the right to reply is personal to petitioner and in the absence of valid justification, the right is not satisfied by allowing his assistant to view the videotape (supra).

Petitioner's arguments are meritless and, therefore, the judgments dismissing the petitions and confirming the determinations should be affirmed.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgments are affirmed, without costs.