■ In the Matter of GEORGE LUNNEY, Petitioner, v DONALD SELSKY, as Director of Special Housing—Inmate Disciplinary Program, New York State Department of Correctional Services, Respondent. [692 NYS2d 765] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing, petitioner was found guilty of violating the prison disciplinary rules that prohibit making threats and also leading, organizing or urging other prison inmates to participate in work stoppages. The misbehavior report alleges that in a February 17, 1998 letter to a prison official, petitioner discussed certain complaints by "Maintenance 18" inmate workers and urged that these issues be addressed so as to "avoid a strike by Maintenance 18 workers and/or a lengthy court battle". When petitioner was interviewed concerning this letter a few days later, he stated that he had been picked as the spokesperson for the work crew and that he condoned a strike by the Maintenance 18 workers. Petitioner's administrative appeal was unsuccessful, except to the extent that his penalty was reduced, prompting him to commence this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report combined with the February 17, 1998 letter provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Although petitioner

denied making admissions during the course of the investigation, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810, 811). Petitioner's remaining contentions, including his claim that the Hearing Officer was biased, have been examined and, to the extent that they have been preserved for appellate review, found to be lacking in merit.

Cardona, P. J., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.