■ In the Matter of HECTOR JIMENEZ, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional

Services, Respondent. [694 NYS2d 823] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of conspiring to introduce drugs into the correctional facility and smuggling. The charges stem from an ongoing investigation which revealed that petitioner arranged for a female visitor to smuggle in five balloons containing marihuana, heroin and cocaine and give them to another identified inmate who would pass them on to petitioner. Petitioner's administrative appeal of the determination of guilt was unsuccessful, prompting the commencement of this CPLR article 78 proceeding.

We confirm. In our view, the clear and detailed misbehavior report, combined with the confidential information and the testimony of the reporting correction officer, were sufficient to substantiate the alleged misconduct (see, Matter of Foster v Coughlin, 76 NY2d 964, 966). Petitioner's assertion that he was denied his right to have witnesses testify on his behalf is without merit. The record reflects that although petitioner requested the other inmate's testimony, the other inmate refused to testify and executed a witness refusal form to that effect which adequately explained his reasons (see, Matter of Gold v Bradt, 254 AD2d 674, lv denied 92 NY2d 819). As for petitioner's later request for the testimony of the female visitor, the Hearing Officer also filled out a form explaining that she could not be located and was, therefore, unavailable to testify at the hearing (see, Matter of Ventimiglia v Coombe, 233 AD2d 610, 611). Petitioner's remaining arguments relating to the sufficiency of the documentation produced establishing that the smuggled balloons actually contained drugs are not properly before us due to petitioner's failure to object at the disciplinary hearing when any alleged error could have been corrected (see, Matter of Tate v Senkowski, 215 AD2d 903, 904, lv denied 86 NY2d 708).

Mikoll, J. P., Crew III, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.