■ In the Matter of RICHARD HIDALGO, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [724 NYS2d 916] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After petitioner was found guilty of violating certain prison disciplinary rules, he commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, to challenge the underlying determination. Petitioner initially contends that he did not raise a substantial evidence question and, as such, the instant proceeding should be returned to Supreme Court. In the interest of judicial economy, however, this Court will retain the matter and consider petitioner's procedural claims (*see*, *Matter of Young v Selsky*, 279 AD2d 672, 672 n 1).

As a starting point, we reject petitioner's claim that the 24-hour rule was violated. The 24-hour period for the commencement of the hearing runs from the time of an inmate's first meeting with the assistant, not from the completion of the assistance (*see*, *Matter of Arce v Selsky*, 268 AD2d 724, 724-725). Petitioner's claim of inadequate employee assistance also is without merit. In addition to failing to identify the particular

assistance that he purportedly was not provided, petitioner also failed to demonstrate any prejudice from the assistant's allegedly deficient performance (*see, Matter of Parker v Laundree*, 234 AD2d 727, 728).

Similarly unavailing is petitioner's assertion that he was denied the right to call witnesses. The record contains inmate witness refusal forms, which include the reasons for the inmates' refusal to testify. Additionally, in the absence of a timely objection at the hearing regarding the authenticity of such refusals, petitioner has waived any claim that the Hearing Officer should have conducted a further inquiry in this regard (*see, Matter of Huntley v Goord*, 261 AD2d 401, 402). Nor does the absence of a written explanation for the denial of witnesses (*see*, 7 NYCRR 254.5 [a]) require annulment of the determination where, as here, the record discloses the underlying reasons, i.e, lack of relevance (*see, Matter of Jones v Goord*, 274 AD2d 902, 903). Finally, the record contradicts petitioner's claim that the Hearing Officer was involved in the investigation of the incident prior to the hearing, and the record contains no evidence to support petitioner's conclusory claims of Hearing Officer bias during the hearing.

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.