■ In the Matter of TAMAR LOPER, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [735 NYS2d 828] —Appeal from a judgment of the Supreme Court (Castellino, J.), entered April 19, 2001 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Southport Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding to challenge a tier II disciplinary determination finding him guilty of intentional flooding. Supreme Court rejected petitioner's claimed procedural errors and dismissed the petition. Petitioner appeals primarily asserting that Supreme Court erred in rejecting his claim that the Hearing Officer improperly denied his request that certain witnesses appear and testify at his disciplinary hearing.

We affirm. The record reveals that the witnesses whose testimony was requested by petitioner signed witness refusal forms which adequately explained the reasons for the inmates' refusal to testify (*see, Matter of Jimenez v Goord*, 264 AD2d 918, 919; *Matter of Gold v Bradt*, 254 AD2d 674, *lv denied* 92 NY2d 819). Moreover, petitioner has waived any claim that the Hearing Officer should have conducted a further inquiry in this regard inasmuch as he failed to render an objection at the hearing to the authenticity of the refusals (*see, Matter of Hidalgo v Senkowski*, 283 AD2d 839). Petitioner's remaining arguments have been examined and found to be without merit.

Cardona, P.J., Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.