■ In the Matter of ANTHONY MAY, Petitioner, v DONALD SELSKY, as Director of Special Housing, Department of Correctional Services, Respondent. [736 NYS2d 918] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a tier III hearing on three misbehavior reports which charged petitioner with assaulting two staff members, fighting

with another inmate, refusing to obey a direct order and being out of place, petitioner was found guilty of all charges. The detailed misbehavior reports, which gave petitioner sufficient notice of the charges to enable him to prepare a defense, together with the testimony of authors of the reports and other witnesses at the hearing, provide the necessary substantial evidence to support the determination of petitioner's guilt (*see, Matter of Dawes v Selsky*, 280 AD2d 816, *lv denied* 96 NY2d 712). Petitioner's specific complaint about the assault charge in one of the reports is moot because that charge was dismissed on administrative appeal. Petitioner's claim that the charges were based on factual allegations that did not give a true and accurate description of the incident involves questions of credibility that were for the Hearing Officer to resolve (*see, Matter of Kemp v Goord*, 288 AD2d 801).

Petitioner's claim of inadequate assistance is based primarily on the failure to provide him with requested documents prior to the hearing. The Hearing Officer, however, addressed this problem at the beginning of the hearing by providing the documents and adjourning the hearing to give petitioner an opportunity to review them, thereby obviating any prejudice (*see, Matter of Matos v Goord*, 267 AD2d 730). Although petitioner now claims that the adjournment was insufficient to permit adequate review of the documents, he voiced no objection when the hearing reconvened, thereby depriving the Hearing Officer of an opportunity to cure the alleged error by a further adjournment (*see, Matter of Jimenez v Goord*, 264 AD2d 918). In any event, petitioner has failed to identify anything in any of the documents that he would have used in his defense but did not because of the claimed error.

Petitioner also claims that the Hearing Officer erred in refusing his request for additional witnesses on grounds of redundancy. At petitioner's request, each of the three authors of the misbehavior reports and two additional inmate witnesses testified. Although the witnesses denied by the Hearing Officer were present for some or all of the incident and each of them endorsed a report, there is nothing in the record to suggest that their testimony about the incident, repeatedly described by the other witness, would have been exculpatory or would have deviated in any material way from the testimony of the authors of the reports they endorsed. Accordingly, there is a sufficient basis for the denial of the witnesses as redundant (*see, Matter of Dawes v Coughlin*, 217 AD2d 726, *lv denied* 86 NY2d 712). Petitioner's remaining contentions have been considered and have no merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.