■ In the Matter of VICTOR SOWELL, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [743 NYS2d 894] —Rose, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered July 23, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing, petitioner was found guilty of violating numerous prison disciplinary rules including those prohibiting assault on staff, violent conduct, harassment and refusing a direct order, stemming from an altercation that occurred in the prison's visiting room. Petitioner thereafter commenced this CPLR article 78 proceeding alleging, inter alia, that numerous procedural errors deprived him of due process. Following service of an answer by respondent, Supreme Court dismissed the petition on the merits and this appeal ensued.

We affirm. Contrary to petitioner's assertion, the Hearing Officer's decision to remove him from the hearing was not an abuse of discretion (see, 7 NYCRR 254.6 [b]). Petitioner's removal came only after numerous warnings to cease interrupting the hearing and was prompted by his own argumentative and uncooperative behavior (see, Matter of Thomas v Bennett, 271 AD2d 768; Matter of Webb v Goord, 269 AD2d 641). We must also reject the claim that petitioner's assistant was inadequate, as the record indicates that the assistant responded to petitioner's requests and conducted a search uncovering the names of 40 potential witnesses. In any event, petitioner has failed to demonstrate how he was prejudiced by any alleged deficiencies (see, Matter of Sims v Goord, 274 AD2d 701; Matter of Harris v Goord, 268 AD2d 933).

Similarly unavailing is petitioner's assertion that he was denied the right to call certain witnesses, as the record supports the Hearing Officer's determination that the proffered testimony was redundant considering the testimony of the other inmate witnesses (see, Matter of May v Selsky, 291 AD2d 591; Matter of Tebout v Goord, 290 AD2d 833). Moreover, the contention that the Hearing Officer failed to make a meaningful attempt to secure certain other testimony is belied by the record, as these inmate witnesses executed forms detailing the reasons why they refused to testify (see, Matter of Loper v Goord, 290 AD2d 682; Matter of Tusa v Goord, 287 AD2d 907, lv dismissed 98 NY2d 646). We also find no error in the denial of a civilian witness, another inmate's wife, as the record discloses that she refused to testify in any matter not involving her husband (see, Matter of Hidalgo v Senkowski, 283 AD2d 839; cf., Matter of Moore v Goord, 281 AD2d 736). Petitioner's remaining claims have been reviewed and found to be lacking in merit.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.