■ In the Matter of HAROLD SHELL JR., Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [744 NYS2d 909] —Cardona, P.J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered October 22, 2001 in Albany County, as amended by a judgment entered November 26, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner appeals from the dismissal of his petition seeking to annul a determination made after a tier III prison disciplinary hearing on the basis that he was denied the conditional right to call witnesses at that hearing. We disagree. Based upon the nicknames and cell locations provided by petitioner, the Hearing Officer was able to identify the two inmates that petitioner requested as witnesses. Each inmate, however, executed a witness refusal form and checked the preprinted section of the form indicating, "I do not want to be involved." In the space provided for an explanation, one inmate wrote "don't know him" and the other inmate wrote, "Refuse—do not know."

Petitioner concedes that a refusal form executed by a requested witness and containing an adequate reason for the

refusal to testify can provide a sufficient basis for the denial of that witness (*see, e.g., Matter of Jimenez v Goord*, 264 AD2d 918). Although each form herein contains a specific reason for the refusal to testify and appears genuine on its face, petitioner contends that the reasons given were vague and the Hearing Officer was obligated to make further inquiry. Petitioner acknowledged at the hearing, however, that the requested inmate witnesses did not really know him, thus lending support to the witnesses' refusal to testify on the basis that they did not want to get involved because they did not know petitioner. In any event, inasmuch as petitioner failed to make a timely objection regarding the authenticity of the refusals during the prison disciplinary hearing when the alleged deficiency could have been corrected, the claim that the Hearing Officer should have conducted a further inquiry was waived (*see, Matter of Loper v Goord*, 290 AD2d 682; *Matter of Hidalgo v Senkowski*, 283 AD2d 839; *see also, Matter of Crowley v O'Keefe*, 148 AD2d 816, 817, *appeal dismissed* 74 NY2d 780, *lv denied* 74 NY2d 613). Supreme Court, therefore, properly dismissed the petition.

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.