■ In the Matter of KURT V. CHILCOTT, Petitioner, v MICHAEL J. BINTZ, as Superintendent of Riverview Correctional

Facility, et al., Respondents. [749 NYS2d 748] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Superintendent of Riverview Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from using credit cards.* This infraction came to light when a clerk in the facility's mailroom noticed a letter sent to petitioner from a mail order company informing him that the credit card account number he had given for the purchase of various items had been declined. Substantial evidence of petitioner's guilt was presented in the form of a copy of the letter addressed to petitioner from the mail order company and the misbehavior report prepared by the mail clerk who intercepted the letter (see Matter of Lunney v Selsky, 262 AD2d 835). The penalty imposed by the Hearing Officer was counseling and a reprimand.

Petitioner's assertion that the credit card belonged to his sister and that the numbers were filled in on the order form by his mother raised issues of credibility for resolution by the Hearing Officer (see Matter of Amaker v Senkowski, 278 AD2d 622, lv denied 96 NY2d 707). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* 7 NYCRR 720.7 (c) provides, "Inmates are prohibited from using business correspondence to order any items on credit * * *."