■ In the Matter of BRIAN PEREZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al.,

Respondents. [750 NYS2d 906] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting assault on another inmate, violent conduct, refusing to obey a direct order, possession of a weapon and being out of place. The charges arose out of allegations that petitioner used a razor-type weapon to slash an inmate's face and ignored a correction officer's repeated orders to desist. After being returned to his cell, petitioner was observed removing an article from his mouth that appeared similar to the weapon used in the attack which he then flushed down the toilet. In rendering the determination, the Hearing Officer relied upon the misbehavior report, a memorandum from the reporting correction officer, the unusual incident report and certain confidential information. The determination of guilt was upheld on administrative appeal, prompting this CPLR article 78 proceeding.

Initially, petitioner's contention that the Hearing Officer erred by failing to notify him before "issuing a determination that confidential information would be considered and in failing to articulate a reason for keeping that information confidential" (*Matter of Lee v Coughlin*, 195 AD2d 997, 997) is correct. Nevertheless, based upon our in camera review of the confidential material "in light of the strength of the case against petitioner, we conclude that the error was harmless" (*Matter of Boyd v Coughlin*, 105 AD2d 532, 533; *see Matter of Fletcher v Selsky*, 199 AD2d 865, *lv denied* 83 NY2d 753; *Matter of Lee v Coughlin, supra*). Significantly, the proof adduced at the hearing, without consideration of the confidential proof, is sufficient to sustain the charges (*see Matter of Lee v Coughlin, supra*). Furthermore, the confidential material contained information that was either put into evidence at the hearing or involved a "collateral incident which did not relate to petitioner's guilt on the charges" (*Matter of Boyd v Coughlin, supra*, at 534). Accordingly, we find no basis to disturb the determination upon this ground.

We are also unpersuaded by petitioner's argument that he was denied his right to have the inmate he assaulted as a witness. The record confirms that the inmate signed a witness refusal form provided by petitioner's employee assistant which adequately explained the reason for not testifying (*see Matter of Jimenez v Goord*, 264 AD2d 918). Although there was some

discussion at the hearing regarding the inmate's refusal to testify, in the absence of a clear, timely objection regarding the authenticity of that refusal, petitioner waived any claim that the Hearing Officer should have conducted a further inquiry (*see Matter of Shell v Goord*, 296 AD2d 753).

The remaining issues have been examined and found to be unpersuasive.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.