■ In the Matter of JOSEPH FAMA, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [759 NYS2d 595] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules prohibiting possession of contraband, creating a fire hazard and tampering with an electrical device. As related in the misbehavior report, a search of petitioner's cell disclosed that four extension cords had been plugged into a single outlet (the number permitted is two), thereby creating a fire hazard. In addition, the circuit breaker box serving petitioner's cell had been altered to provide his cell, along with several others, with extra electrical power.

The Attorney General concedes, and our review confirms, that there is insufficient evidence to support the finding that petitioner was guilty of possession of contraband. Electrical extension cords are specifically permitted items in correctional facilities (see 7 NYCRR 724.4 [h] [6]). Hence, petitioner was improperly found guilty of this charge.

The record also lacks substantial evidence to support the finding that petitioner is guilty of the remaining charges of creating a fire hazard and tampering with an electrical device. It is uncontested that petitioner plugged more than two extension cords into the single electrical outlet in his cell. The

misbehavior report alleges that by this action, petitioner "conspired to create a fire hazard * * * [and] conspired to have his cell breaker box altered to give him the extra electricity to run all his devices." The hearing evidence, however, does not support these charges. The officer conducting the hearing acknowledged that petitioner had never had access to the catwalks where the circuit breakers are located. Hence, it was never established how the circuit breaker box was altered; who altered it (as petitioner apparently could not have done so and only correctional facility staff were authorized to have such access); that petitioner engaged in a conspiracy (*cf. Matter of Davis v Selsky*, 270 AD2d 548 [2000]); that petitioner could not have operated "all his devices" with unaltered circuit breakers; or that use of more than one extension cord, either generally or in this instance, created a fire hazard. Based on the insufficient evidence elicited at the hearing, the determination finding petitioner guilty of these rule violations should be annulled.

Cardona, P.J., Peters, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner's institutional record.