■ In the Matter of JASON PABON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [773 NYS2d 916]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Based on his alleged slashing of another inmate, petitioner was found guilty following a tier III disciplinary hearing of violating the prison disciplinary rules prohibiting assaults on other inmates, fighting, creating a disturbance and possession of a weapon. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, we agree with petitioner, and respondent concedes, that the charges of fighting and creating a disturbance are not

supported by substantial evidence. Accordingly, the determination is annulled to that extent and the matter is hereby remitted for a redetermination of that part of the penalty imposed recommending a loss of good time (*see Matter of Hernandez v Selsky*, 306 AD2d 595, 595-596 [2003], *lv denied* 100 NY2d 514 [2003]). Regarding the assault and weapon possession charges, however, we are of the view that the misbehavior report, testimony from a correction officer who rebutted petitioner's alibi defense and confidential testimony considered in camera by the Hearing Officer provide substantial evidence of petitioner's guilt (*see Matter of Ward v Murphy*, 302 AD2d 839 [2003]; *Matter of Miller v New York State Dept. of Correctional Servs.*, 295 AD2d 714, 714 [2002]). In this regard, we note that the Hearing Officer was not required to personally interview each of the confidential inmate informants who implicated petitioner in the attack where, as here, the correction officer to whom the informants reported gave detailed in camera testimony of his investigation, thereby allowing the Hearing Officer to make his own independent assessment of the informants' reliability and credibility (*see Matter of Encarnacion v Ricks*, 289 AD2d 625, 626 [2001], *lv denied* 97 NY2d 613 [2002]; *Matter of Brown v Goord*, 286 AD2d 843, 843 [2001]). Regarding petitioner's contention that he was improperly denied permission to question the victim at the hearing, we note that this claim was raised for the first time on petitioner's administrative appeal and, thus, is unpreserved for our review (*see Matter of Perez v Goord*, 300 AD2d 956, 957-958 [2002]). In any event, both the Hearing Officer and a testifying correction officer stated that the victim refused their requests to appear at the hearing and produced a witness refusal form attesting to this refusal; at no point during the hearing did petitioner object to the sufficiency of the inquiry conducted by the Hearing Officer (*see Matter of Mays v Coughlin*, 209 AD2d 795, 796 [1994]). Were we to consider the merits of this contention, we would find it, along with petitioner's remaining claims, to be unpersuasive.

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance and fighting and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to respondent for an administrative determination of the penalty imposed on the remaining violations; and, as so modified, confirmed.