■ In the Matter of JAMES CARTER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [778 NYS2d 234]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating prison disciplinary rules prohibiting assaults on other inmates, fighting, violent conduct and possession of a weapon. The misbehavior report related that petitioner and his cellmate were discovered by a correction officer standing in their cell with wounds found to have been recently inflicted by their shaving razors. Petitioner's cellmate had suffered a laceration on his neck, a bite mark on his chest and a puncture wound on his left hand. Petitioner, whose own blood-covered razor had been

stripped of its protective guard, leaving the razor blade exposed, had sustained only a minor cut on his right index finger. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, the testimony of the investigating correction officers who interviewed the inmates, the medical report and other documentary evidence provide substantial evidence supporting the determination that petitioner was guilty of instigating the assault (*see Matter of Hernandez v Selsky*, 308 AD2d 671, 671 [2003]; *Matter of Russell v Selsky*, 283 AD2d 890, 891 [2001], *appeal dismissed and lv denied* 97 NY2d 668 [2001]). Contrary to petitioner's assertions, the fact that the fight was not witnessed does not require annulment of the determination where, as here, sufficient circumstantial evidence presented by correction officers who ascertained the facts was offered at the hearing (*see Matter of Hernandez v Selsky, supra* at 671 [2003]; *Matter of Russell v Selsky, supra* at 891). Petitioner's explanation that his cellmate had been the aggressor, forcing petitioner to act in self-defense, presented a credibility issue that was appropriately resolved by the Hearing Officer (*see Matter of Bingham v Goord*, 302 AD2d 837 [2003]).

Petitioner's procedural claims were not raised during his administrative appeal and, thus, are unpreserved for our review (*see Matter of Rivera v Goord*, 274 AD2d 813 [2000]). Were we to consider them, however, we would find them to be meritless. Specifically, we are satisfied that petitioner was not improperly denied the right to call the inmate whom he assaulted; the record confirms that this witness signed a witness refusal form, which, along with the Hearing Officer's explanation, adequately accounted for his absence at the hearing (*see Matter of Perez v Goord*, 300 AD2d 956, 957-958 [2002]). In any event, we note that petitioner failed to request a copy of the witness refusal form, thus waiving any claim that he was improperly denied same (*see Matter of Shell v Goord*, 296 AD2d 753, 754 [2002]). We further find that the record belies petitioner's assertion, raised only during the dispositional phase of the hearing, that he was taking medications that prevented him from understanding the nature of the disposition. The Hearing Officer promptly called a nurse employed by the correctional facility to testify, who reviewed petitioner's medical records and stated that nothing in petitioner's medical history had the potential to impair his understanding of the proceedings. To the extent that petitioner's remaining claims have been preserved, we find them to be unpersuasive.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.