■ In the Matter of STEVEN SANTIAGO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [785 NYS2d 597]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While making a delivery of supplies, a correction officer observed a white envelope attached to a drag line on the floor in the hallway where petitioner was housed. He retrieved the envelope and discovered a smaller envelope inside containing a green leafy substance that tested positive for marihuana. The correction officer checked petitioner's cell and found the drag line in plain view, which appeared to be made from materials derived from a state-owned sheet and blanket. Petitioner was charged in two separate misbehavior reports with smuggling, possessing a controlled substance, possessing contraband and damaging state property. At a tier III disciplinary hearing, he admitted to having the drag line and pleaded guilty to possessing contraband as charged in the second misbehavior report. He was found guilty of the charges contained in the first misbehavior report, but not of damaging state property as charged in the

second misbehavior report. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

Petitioner challenges only that part of the determination finding him guilty of the charges contained in the first misbehavior report, arguing that they are not supported by substantial evidence. That report states that a correction officer observed the white envelope, ultimately found to contain marihuana, attached to the drag line on the floor and that, upon reviewing a videotape of the area, he concluded that the envelope was attempting to be passed to the cell in which petitioner was housed. The correction officer who prepared the report did not testify at the hearing, but the videotape was reviewed by the Hearing Officer. After reviewing the videotape, the Hearing Officer stated on the record that it depicted a drag line being maneuvered between petitioner's cell and that of another inmate at least three times and attempts being made to unhook the white envelope attached to the line which was hung up. Based upon our in camera review of the videotape, however, we find that it is inconclusive. Absent proof that petitioner was the intended recipient of the envelope, substantial evidence does not support that part of the determination finding him guilty of smuggling and possessing a controlled substance (*compare Matter of West v McGinnis*, 4 AD3d 654 [2004]). Accordingly, the determination must be annulled to that extent. Furthermore, inasmuch as the penalty included a recommended loss of good time, the matter must be remitted to respondent for a redetermination of the penalty with respect to the remaining charge (*see Matter of Pabon v Goord*, 6 AD3d 833 [2004]).

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling and possessing a controlled substance and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.