In the Matter of CHARLES T. CALHOUN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [798 NYS2d 212]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer responded to the dormitory area after hearing a loud thud and observed petitioner standing with a clenched fist over an unconscious inmate. Petitioner was charged in a misbehavior report with assault, engaging in violent conduct and fighting. At a tier III disciplinary hearing, he pleaded not guilty to the first two charges, but guilty to the last. He was found guilty of all charges and the determination of guilt was affirmed on administrative appeal, but the penalty was subsequently modified. He then commenced this CPLR article 78 proceeding challenging the determination.

We confirm. Initially, we note that insofar as petitioner pleaded guilty to the charge of fighting, he may not challenge the evidentiary basis for the determination of guilt on that charge (*see Matter of Johnson v Goord*, 300 AD2d 785, 786 [2002]). As for the remaining charges, the misbehavior report,

together with the testimony of correction officers who investigated the incident, the confidential testimony considered by the Hearing Officer in camera as well as petitioner's own admission that he struck the inmate, provide substantial evidence supporting the determination of guilt (*see e.g. Matter of Pabon v Goord*, 6 AD3d 833, 834 [2004]; *Matter of Miller v New York State Dept. of Correctional Servs.*, 295 AD2d 714, 714 [2002]). Petitioner's claim that he acted in self defense presented a question of credibility for the Hearing Officer to resolve (*see Matter of Carter v Goord*, 8 AD3d 771, 772 [2004]; *Matter of Bingham v Goord*, 302 AD2d 837, 838 [2003]). His assertion that the Hearing Officer failed to independently assess the confidential informant's reliability is belied by the transcript of the in camera testimony which reveals that the Hearing Officer personally interviewed the informant (*see Matter of Pabon v Goord, supra* at 834; *Matter of Ward v Murphy*, 302 AD2d 839, 839-840 [2003]). Finally, there is nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Brown v Goord*, 11 AD3d 857, 858 [2004]; *Matter of Claudio v Selsky*, 4 AD3d 702, 704 [2004]).

Mercure, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.