In the Matter of WILLIAM SANTANA, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [803 NYS2d 313]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with possessing or selling narcotics (heroin), possessing contraband (money), smuggling, forgery and a facility correspondence violation after an investigation revealed that he had sold heroin to

inmates and he had used another inmate's name to send a letter containing $25. After two tier III hearings, the first of which included in camera testimony, petitioner was found guilty of all charges. The findings of guilt were affirmed on administrative appeal, although the penalty in the second determination was reduced. Petitioner commenced this CPLR article 78 proceeding challenging these determinations.

The first determination, finding petitioner guilty of selling narcotics to inmates in the Clinton Annex Merle Cooper Program, is supported by substantial evidence in the form of the misbehavior report, the testimony of the correction officers at the hearing, as well as the confidential testimony (*see Matter of Antinuche v Goord*, 16 AD3d 743, 744 [2005]; *Matter of Alba v Goord*, 6 AD3d 847 [2004]; *Matter of Rose v Goord*, 259 AD2d 806 [1999], *lv denied* 93 NY2d 810 [1999]), the reliability and credibility of which was assessed independently by the Hearing Officer (*see Matter of Calhoun v Goord*, 20 AD3d 628, 629 [2005]; *Matter of Rympalski v Goord*, 19 AD3d 960 [2005]). Furthermore, contrary to petitioner's assertions, the fact that petitioner was not found in possession of drugs nor tested positive for drugs does not require annulment of this determination as sufficient circumstantial evidence was presented at the hearing (*see Matter of Gourdine v Goord*, 18 AD3d 1045 [2005]; *Matter of Carter v Goord*, 8 AD3d 771, 772 [2004]; *Matter of Hernandez v Selsky*, 308 AD2d 671 [2003]).

We also find that the misbehavior report, the testimony of the correction officers involved in the investigation and the handwriting sample, concerning which the Hearing Officer had the authority to analyze and draw his own conclusion, provide substantial evidence of petitioner's guilt of the remaining four charges (*see Matter of Moore v Goord*, 16 AD3d 800 [2005]; *Matter of Polanco v Selsky*, 9 AD3d 768 [2004]; *Matter of Campoverde v Selsky*, 9 AD3d 722, 723 [2004]). Finally, nothing in this record required the Hearing Officer to disqualify himself from presiding over the first disciplinary hearing as the Hearing Officer was not involved in the investigation of the case (*see* 7 NYCRR 254.1; *see also Matter of Marquez v Mann*, 188 AD2d 956, 956 [1992]). In any event, there is no evidence that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Cayenne v Goord*, 16 AD3d 782, 783-784 [2005]; *Matter of Rosa v Coombe*, 238 AD2d 814, 815 [1997], *appeal dismissed* 90 NY2d 900 [1997]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.