■ In the Matter of TYHEEM YEFYA KEESH, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [807 NYS2d 733]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner's cell was searched when he was suspected of possessing gang-related materials. Various documents were recovered, including a photocopy of the cover of a book entitled the "Holy Blackness," authored by petitioner, as well as a blank order form. As a result of the search, petitioner was charged in a misbehavior report with engaging in unauthorized organizational activities, practicing martial arts, disorderly conduct and solicitation. Following a tier III disciplinary hearing, he was found guilty of all charges except for disorderly conduct. Upon discretionary and later administrative review, two of the charges

were dismissed, leaving only the charge of solicitation. Petitioner then commenced this CPLR article 78 proceeding challenging the determination finding him guilty of that charge.

The prison disciplinary rule prohibiting solicitation states that "[i]nmates shall not request or solicit goods or services from business or any person other than immediate family members without the consent and approval of the facility superintendent or designee" (7 NYCRR 270.2 [B] [4] [ii]). According to the misbehavior report, the solicitation charge was premised upon correspondence to and from a printing company indicating a transaction for the printing of a book entitled "Holy Blackness," which was not authorized by the Superintendent of the facility. Such correspondence, however, is not included in the record. Although the correction officer who prepared the misbehavior report testified that the photocopy of the book cover and blank order form were the documents he used to support the charge of solicitation, these documents, standing alone, do not establish that petitioner was in contact with a printing company for the purpose of either having the book printed or ordering copies of it, and there simply is nothing else in the record to substantiate this charge. As substantial evidence does not support the determination at issue, it must be annulled (*see e.g. Matter of Santiago v Goord,* 13 AD3d 691, 692 [2004]; *Matter of Fama v Senkowski,* 305 AD2d 838, 839 [2003]). In view of our disposition, we need not address petitioner's remaining claims.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondent Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record.