■ In the Matter of Donelle Green, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [807 NYS2d 729]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner became involved in an altercation with his cellmate during which he threw hot water on the cellmate causing burns to his face, neck and chest. When correction officers responded to the incident, they found, among other things, an altered hot pot as well as a pair of hair clippers in a sock in the cell. Petitioner was thereafter charged in a misbehavior report with

numerous rule violations, including fighting, assaulting an inmate, creating a disturbance, disorderly conduct, possessing a weapon, possessing an altered item and refusing a direct order. Following a tier III disciplinary hearing, he was found guilty of all charges, except for refusing a direct order. On administrative appeal, the charges of fighting and disorderly conduct were dismissed, but the remaining charges were upheld. This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that the charge of possessing a weapon is not supported by substantial evidence in the record and, therefore, the determination must be annulled to that extent (*see Matter of Wan Zhang v Murphy,* 1 AD3d 784, 784 [2003]). On the other hand, the charges of assaulting an inmate and possessing an altered item are supported by substantial evidence consisting of the misbehavior report, documentary evidence and testimony at the hearing (*see Matter of Gourdine v Goord,* 18 AD3d 1045, 1045-1046 [2005]; *Matter of Carter v Goord,* 8 AD3d 771, 772 [2004]). Nevertheless, because a loss of good time was imposed as part of the original penalty and the weapons possession charge must now be dismissed, the matter must be remitted for a redetermination of the penalty on the remaining violations (*see Matter of Santiago v Goord,* 13 AD3d 691, 692 [2004]).

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing a weapon and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.