■ In the Matter of JOSE VIZCAINO, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [808 NYS2d 825]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rules which prohibit conspiracy to introduce narcotics into a correctional facility and soliciting others to smuggle items into the correctional facility. The charges stem from information obtained during a confidential, ongoing investigation conducted by investigators from the Department of Correctional Services' Inspector General's Office. By monitoring inmate telephone calls, inspectors had learned that petitioner was "ordering" narcotics from his brother to supply to others within the facility; he would tell his brother to drop off a certain quantity of heroin, packaged in a particular manner, to a certain person who would then smuggle it into the facility. The misbehavior report was premised on this information, as well as the fact that a woman who had been caught smuggling heroin into the facility admitted that she had obtained the heroin from petitioner's brother for the purpose of smuggling it in.

We confirm. The misbehavior report, together with the testimony of its author—the Inspector General's investigator—and the confidential information obtained directly by the hearing officer from another investigator, provide substantial evidence supporting the determination (*see Matter of Santana v Selsky,* 23 AD3d 722 [2005]; *Matter of Riley v Goord,* 22 AD3d 925 [2005]). The fact that the woman—who stated that she had obtained the heroin from petitioner's brother—recanted and testified that she did not know petitioner or his brother merely created a question of credibility for the hearing officer to resolve (*see Matter of De Torres v Coughlin,* 135 AD2d 1068 [1987], *lv denied* 72 NY2d 801 [1988]). Contrary to petitioner's claim, the

hearing officer did not need to take additional steps to assess the reliability of the confidential testimony inasmuch as he spoke directly to the investigator who had personally monitored petitioner's conversations with his brother (*see Matter of Calhoun v Goord,* 20 AD3d 628 [2005]).

Petitioner's claim that he was denied the right to call witnesses is also without merit. The hearing officer obtained the testimony of all witnesses requested by petitioner except that of petitioner's brother. The record reveals that the hearing officer made reasonable and substantial efforts to obtain that testimony by making numerous, unsuccessful attempts to contact the brother by telephone (*see Matter of Otero v Goord,* 17 AD3d 805 [2005]; *Matter of Smith v Senkowski,* 245 AD2d 909 [1997], *lv denied* 91 NY2d 813 [1998]). Finally, we find no support for petitioner's claim that he was denied the right to access documents at the hearing.

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.