*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 10, 2016            521343
_____

In the Matter of RUBEN MEDINA,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                    Respondents.
_____

Calendar Date:  September 20, 2016

Before:  Peters, P.J., McCarthy, Clark, Mulvey and Aarons, JJ.

—————————

        Ruben Medina, Stormville, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondents.

—————————

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        During the course of an investigation, a correction sergeant received confidential information indicating that petitioner had been enlisted by high level gang members to stab another inmate.  When confronted by the sergeant, petitioner admitted that he was planning to carry out this act and he was then taken to the special housing unit.  A correction officer proceeded to pack up petitioner's cell and recovered a sharpened piece of metal from the laundry bin inside the cell.  Thereafter, petitioner was charged in a misbehavior report with conspiring to

assault an inmate, making threats, engaging in violent conduct, engaging in gang-related activity and possessing a weapon. He was found guilty of the charges following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report and related documentation, together with the testimony of the investigating sergeant who obtained petitioner's admission and the testimony of the correction officer who searched petitioner's cell, provide substantial evidence supporting the determination of guilt (see Matter of McFadden v Prack, 120 AD3d 853, 854 [2014], lv dismissed 24 NY3d 930 [2014], lv denied 24 NY3d 908 [2014]; Matter of Harrington v Prack, 91 AD3d 1244, 1245 [2012]). Although petitioner denied making any admission that he planned to stab the inmate, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Gainey v Goord, 278 AD3d 655, 655 [2000]; Matter of Lunney v Selsky, 262 AD2d 835, 835-836 [1999]). In addition, we find no merit to petitioner's challenge to the adequacy of the misbehavior report as it contained sufficiently detailed information to enable petitioner to prepare a defense and was not required to include confidential information (see Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]; Matter of Poe v Fischer, 107 AD3d 1251, 1252 [2013]). Likewise, we reject petitioner's contention that he was deprived of a fair hearing as there is nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Wilcox v Fischer, 78 AD3d 1394, 1395 [2010]; Matter of Williams v Fischer, 75 AD3d 706 [2010], affd 18 NY3d 888 [2012]). Petitioner's remaining contentions have been examined and do not alter our conclusion that the determination must be upheld.

Peters, P.J., McCarthy, Clark, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court