■ In the Matter of FREDERICK FREEMAN, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [54 NYS3d 602]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

As the result of heightened tension among inmates at a correctional facility, the prison yard was shut down. During the ensuing investigation, petitioner, an inmate, admitted to cor-

rection officers that he had stolen synthetic marihuana from another inmate. Petitioner also admitted that he had a meeting with members of the Bloods gang in the yard to resolve the issues regarding the theft, including compensation for the intoxicant, and that he informed them that other inmates, including other members of the Bloods, would back him up if violence was necessary. During this time, petitioner's cell was searched and an 11-inch-long metal rod was discovered hidden in the liner of petitioner's jacket. Petitioner admitted to the correction officers that he was holding the metal rod for fellow inmates. The cell search also revealed altered audio speakers and a lamp that was engraved with another inmate's name. As a result, petitioner was charged in two misbehavior reports with possessing an intoxicant, creating a disturbance, participating in gang activity, making threats, possessing a weapon or dangerous instrument, possessing an altered item and making an unauthorized exchange. Following a tier III disciplinary hearing, at which petitioner pleaded guilty to possessing an altered item and making an unauthorized exchange, he was found guilty of all the charges. The determination was affirmed on administrative appeal, with a modified penalty. This CPLR article 78 proceeding ensued.

The misbehavior reports and related documentation, together with the hearing testimony, including the testimony of the correction officers who obtained petitioner's admissions, provide substantial evidence supporting the determination of guilt (*see Matter of Medina v Prack*, 144 AD3d 1273, 1274 [2016]; *Matter of Weekes v Prack*, 129 AD3d 1430, 1431 [2015]). Petitioner's denial that he made the admissions to the officers presented a credibility issue for the Hearing Officer to resolve (*see Matter of Medina v Prack*, 144 AD3d at 1274; *Matter of Gainey v Goord*, 278 AD2d 655, 655 [2000]). Contrary to petitioner's contention, the fact that he was not found in possession of the synthetic marihuana, or did not test positive for it, does not require annulment of the guilty determination as to the rule prohibiting possessing, selling, providing or exchanging an intoxicant (*see* 7 NYCRR 270.2 [B] [14] [iii]), as sufficient circumstantial evidence supporting the determination was presented at the hearing (*see Matter of Santana v Selsky*, 23 AD3d 722, 723 [2005]; *Matter of Carter v Goord*, 8 AD3d 771, 772 [2004]). We also reject petitioner's contention that his possession of the metal rod did not violate rule 113.10. The rule precludes an inmate from possessing "any item that may be classified as a weapon or dangerous instrument by description, use or appearance" (7 NYCRR 270.2 [b] [14] [i]). In our view, the Hearing Officer could determine from the description and photograph of the

metal rod that "it fell within that category" (*Matter of Smart v Fischer*, 122 AD3d 1023, 1024 [2014], *lv denied* 24 NY3d 916 [2015]; *see Matter of Greathouse v Fischer*, 108 AD3d 964, 964 [2013]). Finally, there is nothing in the record to suggest that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Bouton v Annucci*, 145 AD3d 1219, 1221 [2016]; *Matter of Wilson v Annucci*, 138 AD3d 1335, 1335 [2016]). Petitioner's remaining claims, to the extent they are properly before us, have been considered and found to be without merit.

Peters, P.J., McCarthy, Egan Jr., Mulvey and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.