Matter of Mitchell v Rodriguez (2019 NY Slip Op 06046)





Matter of Mitchell v Rodriguez


2019 NY Slip Op 06046


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

528445

[*1]In the Matter of EDWARD MITCHELL, Petitioner,
v
ANTHONY RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: June 21, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Edward Mitchell, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Robyn P. Ryan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an inmate, informed a correction officer that a fellow inmate had told him that he had just mailed the President of the United States a threatening letter containing a white powdery substance. The White House subsequently confirmed that such a letter had been received postmarked from the facility. As a result of a facility investigation and examination of the letter, it was determined that petitioner had written the unsigned letter himself and mailed it using the other inmate's return address. Petitioner was thereafter charged in a misbehavior report with making threats, violent conduct, violating facility correspondence procedures and making false statements. Following a tier III disciplinary hearing, he was found guilty as charged. This CPLR article 78 proceeding ensued.[FN1]
We confirm. Petitioner was not improperly denied the right to call as a witness the inmate whose name and return address was on the envelope. The record reflects that the requested witness executed a refusal form noting the reason for not wanting to testify, and the Hearing Officer read the form to petitioner at the hearing. Therefore, no further inquiry by the Hearing Officer was required (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]; [*2]Matter of Harriott v Annucci, 170 AD3d 1294, 1296 [2019]). Contrary to petitioner's claim, we do not find that he was improperly denied the right to call a representative from the White House and a certain correction officer as witnesses, as their testimony would have been redundant and/or irrelevant (see Matter of Sierra v Rodriguez, 158 AD3d 880, 881-882 [2018]; Matter of Cruz v Annucci, 152 AD3d 1100, 1102 [2017]). Nor did the Hearing Officer err in denying petitioner's request to recall two investigating officers who had previously testified for additional testimony, as petitioner had a full opportunity at the hearing to question them and did not demonstrate that either witness could provide further testimony that was relevant and not redundant (see Matter of Harriott v Annucci, 170 AD3d at 1296; Matter of Russell v Selsky, 283 AD2d 890, 891 [2001], appeal dismissed and lv denied 97 NY2d 668 [2001]).
We agree with petitioner that the Hearing Officer erred in not notifying him before issuing the determination that confidential information would be considered (see Matter of Perez v Goord, 300 AD2d 956, 957 [2002]; Matter of Lee v Coughlin, 195 AD2d 997, 997 [1993]). The confidential information consisted of the testimony of one of the investigating officers. However, this officer also testified at the hearing, and our review of the transcripts reveals that the information contained in the confidential testimony was also put into evidence during his hearing testimony and petitioner had an opportunity to question him concerning this evidence. Accordingly, as petitioner was not prejudiced by the consideration of the confidential information, we find the Hearing Officer's error to be harmless (see Matter of Perez v Goord, 300 AD2d at 957; Matter of Boyd v Coughlin, 105 AD2d 532, 534 [1984]). Finally, petitioner's challenge to the use of a speakerphone to receive the testimony of a mailroom clerk was not preserved for our review by an objection at the hearing (see Matter of Infantino v Fischer, 116 AD3d 1305, 1305 [2014]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be without merit.
Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although petitioner does not raise the issue of substantial evidence in the petition and, thus, the proceeding was improperly transferred, we shall retain jurisdiction and address petitioner's claims in the interest of judicial economy (see Matter of Bonds v Annucci, 166 AD3d 1250, 1250 n [2018]).